IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

    Plaintiff,

v.                                                            No. 1:23-cr-00748-KWR-1

SOLOMON PENA,

    Defendant.

## ORDER GRANTING CONTINUANCE OF TRIAL

**THIS MATTER** is before the Court on Defendant's *Unopposed Amended Motion to Continue Trial* filed April 25, 2024 (Doc. 161). The Court having considered the motion, the pleadings, the record from the Status Conference held with the parties on April 23, 2024, and the holding in *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), finds that Defendant has created a sufficient record to justify granting the motion to continue. *Id*. at 1271 (requiring that the record on a motion to continue contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time).

Under *Toombs*, a judge must consider:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

*Toombs*, 574 F.3d at 1268-69 citing, § 3161(h)(7)(B)(i)-(iv).

This Court finds that pursuant to the relevant factors under 18 U.S.C. §3161(h)(7)(B)(i-iv), failure to grant a continuance would make a continuation impossible and/or result in a miscarriage of justice. Furthermore, given the complexity of this case and the charges defendant faces in the original and superseding indictments, it is unreasonable to expect adequate preparation for the trial itself within the established time limits. *Id*. Defense counsel needs additional time to review discovery related to the superseding indictment filed by the United States on March 26, 2024 (Doc. 147). Defense counsel has stated that additional time of no less than ninety days from the current trial setting is necessary. Doc. 161 at 2. Therefore, all the time from the filing of the motion until the beginning of jury selection in this matter shall be excluded for the purposes of the Speedy Trial Act.

**IT IS THEREFORE ORDERED** that the Jury Selection/Trial of **June 10, 2024**, is **VACATED**. Pretrial Conference is set for **September 9, 2024, at 9:00 A.M.** and Jury Selection/Trial is reset for **September 16, 2024, at 9:00 A.M.**, on a trailing docket at the United States Courthouse, 333 Lomas Blvd., NW, Bonito Courtroom, before Judge Kea W. Riggs in Albuquerque, New Mexico. A separate Scheduling Order will be entered addressing outstanding deadlines.

**IT IS FURTHER ORDERED** that pursuant to 18 U.S.C. §3161(h)(7)(A), the Court finds that the ends of justice served by granting the unopposed motion for continuance outweigh the best interest of the public and the defendant in a speedy trial.

**IT IS FINALLY ORDERED** that counsel shall adhere to the instructions and case management deadlines as set forth in the following attachment, "Preparation for Criminal Trial" (includes guidelines for preparation of proposed jury instructions, JERS Informational Letter, and JERS link).

**IT IS SO ORDERED**.

                                                     /s/
                                                  KEA W. RIGGS
                                                  UNITED STATES DISTRICT JUDGE