IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CRIM. NO.: 23-748-KWR |
| | ) |
| **SOLOMON PEÑA**, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' REPLY TO DEFNDANT'S
RESPONSE TO UNITED STATES' NOTICE OF INTENT TO
OFFER EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDNECE 404(b)**

The United States hereby files this reply to Defendant Solomon Peña's Response to the United States' Notice of Intent to Offer Evidence Pursuant to Federal Rule of Evidence 404(b), (Doc. 163). In reply, the United States provides:

**INTRODUCTION**

On March 8, 2024, the United States notified defendant Peña of its intent to offer the following evidence at trial: (1) testimony from co-defendant Jose Louise Trujillo that Peña has a list of other political targets; (2) testimony from cooperating witnesses that Peña expressed anger when he learned his co-defendants may testify against him; and (3) certified conviction records showing Peña's prior felonies. Evidence regarding Peña's list of other political targets and his anger when learning of his co-defendants potential cooperation is admissible as intrinsic evidence because both are direct evidence of crimes charged in the superseding indictment. (*See* Super. Indict. (Doc. 147).) However, the United States no long plans to offer certified conviction records showing Peña's prior felonies during its case in-chief as that issue is now moot considering his stipulation to his felony status and knowledge thereof. (*See* Stip. (Doc. 154).)

1

## ARGUMENT

**I.      Evidence of Peña's Intent to Target Additional Victims is Both Intrinsic, Res Gestae Evidence and Admissible to Prove His Motive, Intent, and Identity**

Peña's admission that he planned to target additional political victims is intrinsic to the alleged conduct and accordingly admissible. Peña is charged with four counts of interference with federally protected activities and conspiracy to do the same in Counts 1 through 5 of the Superseding Indictment. (Doc. 147.) The United States will present evidence that his scheme included targeting County Commissioners and other politicians by shooting at their homes. After Peña executed four such shootings either by himself or with the help of others, he admitted to Jose Trujillo that he had a list of other political targets. or. His admission is further evidence of his intent to interfere with federally protected activities. As such, it is intrinsic to the offenses charges in Counts 1 through 5.

"[I]ntrinsic evidence is that which is directly connected to the factual circumstances of the crime and provides contextual or background information to the jury." *United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir. 2011) (quotation omitted). It also includes evidence that is "part of the scheme for which a defendant is being prosecuted." *United States v. Oles*, 994 F.2d 1519, 1522 (10th Cir. 1993) (quoting *United States v. Rec.*, 873 F.2d 1363, 1372, n.5 (10th Cir. 1989)). Here, evidence of Peña's intent during the course of the conspiracy to continue targeting politicians is direct evidence of his scheme and an intent to continue it. As such, it is intrinsic evidence and a "404(b) analysis does not apply." *Oles*, 994 F.2d at 1522 (concluding that other crimes evidence was "inextricably intertwined" with defendant's scheme making reliance on Rule 404(b) unnecessary).

Even if Peña's admission to keeping a list of other targets were not intrinsic—it is—it

2

would still be admissible under Rule 404(b) as evidence of his identity, motive, and intent. Indeed, he is charged with interfering with federally protected activities and he pursued his scheme by shooting at politicians' houses with the help of others. His admission that he had a list of other political targets is evidence that (1) he is the person who orchestrated the previous four shootings; (2) he was motivated to conduct the shootings for political reasons; and (3) he intended to continue his scheme. Such evidence is permissible under Rule 404(b).

Furthermore, the probative value of this evidence is not substantially outweighed by the danger of prejudice. *See* Fed. R. Evid. 403. Any potential prejudice is low. The United States is going to present evidence that Peña orchestrated four shootings, two of which he personally participated in, on politicians' houses. There is little risk of prejudice to the jury hearing that he kept a list of additional targets that he was unable to act on. Furthermore, the probative value of this evidence is substantial. It directly supports the United States' contention that Peña's entire conspiracy was largely based on his desire to target and intimidate politicians.

II.     **Evidence of Peña's Anger Upon Learning His Co-Defendants May Testify Against Him Is Intrinsic to His Solicitations to Commit Crimes of Violence as Alleged in Counts 11-13**

The United States filed its 404(b) notice before it superseded its indictment and added a felon in possession charge and three counts of solicitation to commit a crime of violence. (Doc. 147.) To prove the solicitation counts, the United States will offer evidence that Peña offered money to have his co-defendants killed in order to prevent them from testifying against him. Statements by the defendant discussing his anger over his co-defendants' potential testimony against him is relevant and admissible to prove these charges.

Evidence is relevant when it has "any tendency" to make a fact of consequence "more probable or less probable than it would be without the evidence[.]" Fed. R. Evid. 401. Any

evidence showing that Peña was angry when he learned his co-defendants may testify against him makes it more likely that he was, in fact, motivated to retaliate against his co-defendants. Thus, this evidence is direct evidence of his motive to commit the crimes charged in Counts 11-13, and is wholly intrinsic to his solicitations.

### III. The United States Will Not Offer Peña's Certified Conviction Records or Civil Filings During Its Case-In-Chief

The United States has charged Peña with being a felon in possession of a firearm. (Doc. 147.) It has the burden to prove, among other things, that Peña was a convicted felon and that he knew he was a convicted felon. 18 U.S.C. § 922(g); 10th Cir. Pattern Jury Inst. § 2.44. However, as Peña points out, he has since stipulated to these facts. (Doc. 154.) Thus, the United States agrees that it does not need to offer additional evidence—outside the stipulation—of Peña's prior convictions and does not plan to do so.[1]

### CONCLUSION

For the forgoing reasons, the United States respectfully requests that the Court find admissible: (1) testimony from co-defendant Jose Louise Trujillo that Peña kept a list of other political targets; and (2) testimony from cooperating witnesses that Peña expressed anger when he learned his co-defendant's may testify against him.

---

[1] The United States' position does *not* apply to cross examination should Peña testify. (*See* United States' 609 Notice (Doc. 141).)

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

/s/ *Patrick E. Cordova*
PATRICK E. CORDOVA
JEREMY PEÑA
Assistant United States Attorneys
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 346-7274


COREY R. AMUNDSON
Chief, Public Integrity Section
Criminal Division, U.S. Department of Justice

/s/ *Ryan R. Crosswell*
Ryan R. Crosswell
Trial Attorney
1301 New York Ave. NW
Washington D.C. 20005
(202) 616-5699


**CERTIFICATE OF SERVICE**

    I hereby certify that on May 24, 2024, I filed the foregoing document electronically through the CM/ECF system, which caused the forgoing to be served on all counsel of record.

/s/ *Ryan R. Crosswell*
Ryan R. Crosswell
Trial Attorney