# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

UNITED STATES OF AMERICA

      Plaintiff,

    v.                                   1:23-cr-00748-KWR

SOLOMON PENA,

      Defendant.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on the United States' Notice of Intent to Offer Evidence Pursuant to Federal Rule of Evidence 404(b).  Doc. 140.  Having reviewed the pleadings and applicable law, the Court finds that Defendant's objection is not well taken, and therefore, is **OVERRULED**.

## BACKGROUND

On May 24, 2023, Defendant Solomon Pena was indicted on numerous charges including, conspiracy, in violation of 18 USC § 371; interference with federally protected activities, in violation of 18 USC § 245(b)(1)(A); aiding and abetting, in violation of 18 USC § 2; using and carrying a firearm during and in relation to a crime of violence, and possessing a firearm in furtherance of such crime, in violation of 18 USC § 924(c)(1)(A)(iii); aiding and abetting, in violation of 18 USC § 2; using and carrying a firearm during and in relation to a crime of violence, and possessing a firearm in furtherance of such crime, in violation of 18 USC §§ 924(c)(1)(A)(iii) and (B)(ii); and aiding and abetting, in violation of 18 USC § 2.  Doc. 33.  On March 26, 2024, in a superseding indictment, Defendant Pena was further charged with felon in possession of a

firearm and ammunition, in violation of 18 USC § 922(g)(1) and 924; and solicitation to commit a crime of violence, in violation of 18 USC § 373.  Doc. 147.

On March 8, 2024, the United States filed a Notice of Intent to Offer Evidence Pursuant to Federal Rule of Evidence 404(b).  Doc. 140.  Specifically, the United States intends to introduce: (1) certified conviction records showing Defendant Pena's prior felony convictions; (2) testimony from co-defendant Jose Trujillo that Pena had a list of other persons he was targeting in his effort to interfere with federally protected rights; and (3) testimony from cooperating witnesses that Pena expressed anger when he learned that his co-defendants may testify against him.  Doc. 140 at 1.

## LEGAL STANDARD

Federal Rule of Evidence 401 states, "[e]vidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed.R.Evid. 401.

Res gestae evidence is "those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense."  *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000); *see United States v. McVeigh*, 153 F.3d 1166, 1203 (10th Cir. 1998), disapproved of on other grounds by *Hooks v. Ward*, 184 F.3d 1206 (10th Cir. 1999).  The Sixth Circuit in *Hardy* explained:

> Proper background evidence has a causal, temporal or spatial connection with the charged offense. Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense.

228 F.3d at 748.[1]  The Tenth Circuit has stated that "[e]vidence of other crimes should not be suppressed when those facts come in as res gestae – as part and parcel of the proof of the offense[]

---

[1] Several instances in which this Court has previously admitted evidence as res gestae include, *Wilson v. Jara*, 2011 WL 6739166, 2011 U.S. Dist. LEXIS 147752 at *8 (in the course of alleged unlawful arrest, a plaintiff spat on and

charged in the indictment." *United States v. Shirley*, 214 F. Supp. 3d 1124, 1149 (D.N.M. 2016) citing, *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995).   Res gestae evidence is permitted "when it provides the context for the crime, is necessary to a full presentation of the case, or is appropriate in order to complete the story of the crime on trial by providing its immediate context or the res gestae.  *Kimball*, 73 F.3d at 272.

Under Federal Rule of Evidence 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."   However, under Rule 404(b)(2), "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed.R.Evid. 404.

"In other words, one cannot present evidence the relevance of which is based on the forbidden inference: the person did X in the past, therefore he probably has a propensity for doing X, and therefore he probably did X this time, too." *Jara*, 2011 WL 6739166, at *5.  To determine whether evidence is admissible under Rule 404(b)(2), the *Huddleston* test applies: (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.  *United States v. Zamora*, 222 F.3d 756, 762 (10th

---

touched defendant police officers); *United States v. Ganadonegro*, 2011 WL 3957549, 2011 U.S. Dist. LEXIS 101548, at *1 (D.N.M. 2011) (evidence that a defendant, accused of the death of a child, called a family member several times to complain about child crying); *United States v. Zuni*, 2006 WL 4109664, 2006 U.S. Dist. LEXIS 95621, at *2-3 (D.N.M. 2006) (an alleged kidnapping and rape occurred after a defendant had a dispute with victim's children, which escalated into violence).  In these instances, this Court determined the res gestae evidence and the provided background information were useful to paint a picture or describe context and not that a defendant acted in conformity with previous conduct, but rather to establish a spatial, causal, and temporal connection with the charged offenses.  *Id*.

Cir. 2000)(Ebel, J.)(citing *United States v. Roberts*, 185 F.3d 1125 (10th Cir. 1999)(Porfilio, J.)). *See United States v. Higgins*, 282 F.3d 1261, 1274 (10th Cir. 2002)(Holloway, J.); *United States v. Hardwell*, 80 F.3d 1471, 1488 (10th Cir. 1996)(Briscoe, J.)(citing *Huddleston v. United States*, 485 U.S. at 691–92, 108 S.Ct. 1496).

Under Federal Rule of Evidence 801(d)(2), an opposing party's statement is admissible as hearsay if, "[t]he statement is offered against an opposing party and: (A) was made by the party in an individual or representative capacity." Fed.R.Evid. 801(d)(2)(A).

## ANALYSIS

Defendant objects to the Government's intent to introduce evidence related to testimony from co-defendant Jose Trujillo that Mr. Pena had a list of other persons he was targeting in his effort to interfere with federally protected rights. Defendant Pena also objects to testimony from cooperating witnesses that he expressed anger upon learning that his co-defendants may testify against him. This Court concludes that the Government's proposed evidence is admissible pursuant to Federal Rules of Evidence 401, 403, 404(b), 801(d)(2), and as res gestae. Therefore, Defendant's objection is **OVERRULED**.

### I.      Issue of United States' Intent to Offer Certified Conviction Records is Moot

Pursuant to a trial stipulation signed by Defendant on April 12, 2024, Defendant has agreed to his status as a convicted felon and knowledge of this status. Doc. 154. Therefore, the United States concedes this issue is now moot. Doc. 166 at 1.

### II.     Evidence of Pena's Intent to Target Additional Victims is Admissible

The United States contends that evidence that Defendant Pena intended to target additional victims involved in politics is intrinsic because it demonstrates that the shootings were part of an objective to carry out widespread violence to interfere with federally protected activities. Doc.

140 at 3.  Defendant's plan constitutes intrinsic evidence for several reasons, including that it was "inextricably intertwined with the charged conduct," as well as proof of Mr. Pena's motive, knowledge, intent, and plan.  *Id*. citing, *United States v. Kupfer*, 797 F.3d 1233, 1238 (10th Cir. 2015), *Huddleston*, 485 U.S. at 699.  Mr. Pena is charged with four counts of interference with federally protected activities and conspiracy to do the same in Counts 1 through 5.  Doc. 147.  Specifically, this evidence will be elicited through the testimony of co-defendant Jose Trujillo.  Doc. 140 at 3.

Defendant Pena contends that the testimony the Government seeks to elicit is inflammatory and regarding future actions alleged to have been stated by Mr. Pena.  Doc. 163 at 4.  Because *Huddleston* deals with past actions, such intrinsic evidence is inadmissible.  *Id*.  Furthermore, the danger of prejudice far outweighs its probative value under Fed.R.Evid. 403 and is also inadmissible under these grounds.  *Id*. at 4-5.  This Court disagrees with Defendant and finds that the evidence and testimony the United States seeks to elicit regarding Mr. Pena's intent to target additional victims is admissible.

Relevant evidence is admissible at trial.  Fed.R.Evid. 401.  Evidence is relevant if it has a "tendency to make the existence of any fact more probable or less probable than it would be without the evidence."  *United States v. Gutierrez–Castro*, 2011 WL 3503321, at *3, 2011 U.S. Dist. LEXIS 88440, at *3.  Under Rule 401, a fact is of consequence when its existence provides a factfinder with a basis to provide an inference or chain of inferences about an issue necessary to a verdict.  *Mendoza-Salgado*, 964 F.2d at 1006.  Applying this standard, this Court finds the evidence the Government seeks to elicit regarding his intent to target additional victims is relevant.  Here, Defendant is charged with interference with federally protected activities and conspiracy.  Doc. 147.  The United States has stated that it will present evidence that Defendant's scheme

included targeting local officials and politicians by shooting at their homes.  Doc. 166 at 2.  After four shootings, the United States argues Mr. Pena admitted to Jose Trujillo that he had a list of other political targets.  *Id.*  Such evidence is intrinsic to the charged crimes and probative of a conspiracy, motive, intent, and knowledge.  Evidence of Mr. Pena's intent to target additional victims makes the existence of any fact more or less probable than without the evidence.  *Gutierrez-Castro*, 2011 WL 3503321, at *3.  Therefore, it is of consequence to the factfinder regarding issues necessary for a verdict, and this Court finds the evidence in question relevant.

The United States' argument that evidence of Mr. Pena's intent to target additional victims is admissible as it is both intrinsic and res gestae is well taken.  While evidence of other acts may be inadmissible under Fed.R.Evid. 404(b), intrinsic evidence is an exception to this rule.  *United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir.2011).  Evidence is intrinsic when it is "directly connected to the factual circumstances of the crime and provides contextual or background information to the jury."  *United States v. Kupfer*, 797 F.3d 1233, 1238 (10th Cir. 2015) citing, *United States v. Parker*, 553 F.3d 1309, 1314 (10th Cir.2009) (quoting Thomas M. DiBiagio, Intrinsic and Extrinsic Evidence in Federal Criminal Trials: Is the Admission of Collateral Other–Crimes Evidence Disconnected to the Fundamental Right to a Fair Trial, 47 Syracuse L.Rev. 1229, 1231 (1997)).  The Tenth Circuit regards evidence as intrinsic when it is "inextricably intertwined" with charged conduct, "occurred within the same time frame as the activity in the conspiracy being charged…provided direct proof of the defendant's involvement with the charged crimes", was "entirely germane background information,…'directly connected to the factual circumstances of the crime,' or "was necessary to provide the jury with background and context of the nature of the defendant's relationship to his accomplice."  *Id.* citing, *United States v. Lambert*, 995 F.2d 1006, 1007 (10th Cir.1993) (quoting *United States v. Williams*, 900 F.2d 823, 825 (5th Cir.1990)); *United*

*States v. Parker*, 553 F.3d 1309, 1315 (10th Cir.2009); *United States v. Irving*, 665 F.3d 1184, 1212–13 (10th Cir.2011); *United States v. Hall*, 508 Fed.Appx. 776, 779–80 (10th Cir.2013). Here, evidence that Mr. Pena had a list of other persons involved in politics that he intended to target is admissible as res gestae. Such evidence is inextricably intertwined with, integral to, and necessary for the jury to understand that the shootings were part of a broader plan and objective to carry out violence and interfere with federally protected activities as outlined in the superseding indictment. Doc. 147. The testimony the Government seeks to elicit includes evidence that is part of the same scheme for which Mr. Pena is being prosecuted and directly connected to its factual circumstances. *United States v. Oles*, 994 F.2d 1519, 1522 (10th Cir. 1993). The proposed testimony provides context for the crimes charged and is necessary for a full presentation of this case to the jury. *Kimball*, 73 F.3d at 272. In addition to the probative value, this Court also finds the proposed background evidence has causal, temporal, and spatial connections to the charged offenses. *Hardy*, 228 F.3d at 748.

To be admissible, res gestae evidence is subject to Rule 403 scrutiny. *Shirley*, 214 F.Supp.3d at 1158. Under Rule 403, unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001) citing, Fed.R.Evid. 403 advisory committee note. Furthermore, this Court has considerable discretion in performing a Rule 403 balancing test, which itself "is an extraordinary remedy and should be used sparingly." *Id*. citing, *United States v. Rodriguez*, 192 F.3d 946, 949 (10th Cir.1999). As a co-defendant, Defendant Jose Trujillo's proposed testimony provides unique probative value regarding Defendant Pena's intent and wide-reaching plan to violently interfere with federally protected activities. Such testimony has independent probative value that is not substantially outweighed by a danger of unfair prejudice,

confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  Nor is such testimony likely to stir an emotional response.  Defendant has not demonstrated that unfair prejudice substantially outweighs its probative value as required by Rule 403.  Therefore, this Court finds that the evidence the Government seeks to admit is admissible as res gestae, satisfies Rule 403, and is therefore, admissible.[2]

Alternatively, evidence of Mr. Pena's intent to target additional victims is admissible under Fed.R.Evid. 404(b).  Under the *Huddleston* test: (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.  *Zamora*, 222 F.3d at 762; *Roberts*, 185 F.3d at 1125; *Higgins*, 282 F.3d at 1274; *Hardwell*, 80 F.3d at 1488; *Huddleston*, 485 U.S. at 691–92.

The United States argues that under Rule 404(b), the proposed testimony establishes motive, knowledge, intent, and plan.  Doc. 140 at 3.  Defendant contests the proposed evidence, arguing that "[t]he Government does not need to elicit this inflammatory statement in order to present their case against Defendant Pena and deals with future actions alleged to have been stated by Defendant Pena, where Huddleston deals with past actions of Huddleston and the connection between that and the crime he was presently charged with."  Doc. 163 at 4.  This Court agrees with the United States and finds that the proposed evidence of Defendant Pena's intent to target additional victims is admissible under Rule 404(b).

---

[2] The limitations of Rule 404(b) do not apply to intrinsic, *i.e.*, res gestae evidence, and therefore, a 404(b) analysis need not be conducted to determine admissibility as res gestae.  *O'Brien*, 131 F.3d at 1432 citing, *Lambert*, 995 F.2d at 1007 (quoting *Williams*, 900 F.2d at 825).

Evidence of Mr. Pena's plans to target additional victims as a part of the broader scheme to interfere in federally protected activities serves as evidence to identify that Mr. Pena is the person who orchestrated the previous four shootings.  Such evidence also serves to demonstrate that Mr. Pena was motivated to conduct the shootings for political purposes due to his election loss, his knowledge of the plan, and that he intended to continue the scheme.  Doc. 166 at 3. Therefore, under *Huddleston*, this Court finds the testimony and evidence the United States seeks to elicit are offered for a proper purpose, namely, probative of Defendant's identity, motive, knowledge, intent, and common plan or scheme.  As this Court previously discussed, such evidence is relevant and complies with Fed.R.Evid. 403.[3]  Defendant's plans to target other victims is highly probative of his motive for the charged offenses, and the United States has precisely articulated the hypothesis by which consequential facts can be inferred from these acts.  *United States v. Holt*, No. 21-CR-205-JFH, 2022 WL 2359785 * 2 (E.D. Okla. June 30, 2022), citing *Kendall*, 766 F.3d at 1436.  Defendant's argument that *Huddleston* limits Rule 404(b) evidence to past actions is contrary to the permitted uses in Fed.R.Evid. 404(b)(2).  While the facts of *Huddleston* differ from this case, *Huddleston* does not require past actions to be admissible under a Rule 404(b) exception.  Accordingly, this Court finds the proposed evidence is admissible under Rule 404(b).

### III.     Evidence of Defendant's Anger is Admissible under Rule 801(d)(2)(A)

The proposed testimony and evidence of Defendant Pena's anger upon learning that his co-Defendants planned on testifying against him is admissible as the statement of a party-opponent under Rule 801(d)(2)(A).  Under Fed.R.Evid. 801(d)(2)(A), an opposing party's statement made

---

[3] The United States argues that it will "present evidence that Pena orchestrated four shootings, tow of which he personally participated in, on politicians' houses."  Doc. 140 at 3.  This Court agrees that there is little risk of prejudice regarding testimony that Mr. Pena had additional targets and therefore, rejects Defendant's arguments.

by a party in an individual or representative capacity and offered against that party is admissible as non-hearsay.

"The United States Court of Appeals for the Tenth Circuit has stated that proponents of such evidence 'need only show by a preponderance of the evidence that the opposing party had made the statement.' " *United States v. Shirley*, No. CR 15-1285 JB, 2016 WL 9021832, at *7 (D.N.M. Dec. 21, 2016)(Browning, J.)(citing *United States v. Brinson*, 772 F.3d 1314, 1320 (10th Cir. 2014)); *United States v. Lang*, 364 F.3d 1210, 1222 (10th Cir.2004), vacated on other grounds, 543 U.S. 1108, 125 S.Ct. 986, 160 L.Ed.2d 1034 (2005).

The United States asserts that it intends to introduce testimony from cooperating witnesses that Defendant Pena complained to others that his co-Defendants may testify against him.  Doc. 140 at 2.  These witnesses will testify that Mr. Pena believed the Government has a weak case against him without their testimony and that he subsequently became angry upon learning of his co-Defendants' cooperation with the United States.  *Id.*  Defendant argues "[i]t is just as likely that maybe Defendant Pena is just talking about his case.  Maybe his Co-Defendants have now made statements against him and exonerating him in their past interviews, and now have changed their stories in their plea agreements, because they want a deal from the Government and are lying.  It is just as likely that Defendant Pena may be angry because he knows they are lying."  Doc. 163 at 5.  This Court agrees with the United States and finds that because Mr. Pena's statement acknowledges his co-Defendants' awareness of his involvement in the shootings, this constitutes an admission by a party-opponent.  This Court finds Defendant's argument as to the inadmissibility under Rule 801(d)(2)(A) is without merit.  Therefore, such evidence is admissible under Fed.R.Evid. 801(d)(2)(A).

Alternatively, this Court finds evidence of Defendant Pena's anger upon learning that his co-Defendants may testify against him is admissible under Fed.R.Evid. 404(b).  This Court finds evidence of Defendant Pena's anger is relevant and is admissible as evidence of knowledge.  To prove the solicitation counts, the United States "will offer evidence that Pena offered money to have his co-defendants killed in order to prevent them from testifying against him.  Statements by the defendant discussing his anger over his co-defendants' potential testimony against him is relevant and admissible to prove these charges." Doc. 140 at 3.  Evidence that Mr. Pena was angry makes it more likely that he was motivated to retaliate against co-Defendants.  Therefore, evidence of Mr. Pena's anger is direct evidence of both his motive to commit the crimes outlined in Counts 11-13 and intrinsic to his solicitations.  *Id*. at 4.  Accordingly, this Court finds evidence of Defendant Pena's anger is admissible under Fed.R.Evid. 404(b).

## CONCLUSION

**IT IS THEREFORE ORDERED** that the Government's proposed evidence of testimony that Defendant Pena had a list of other persons he was targeting in his effort to interfere with federally protected rights and that Mr. Pena expressed anger when he learned that his co-Defendants may testify against him are admissible.  Therefore, Defendant's objection is **OVERRULED**.

\_\_\_/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE