IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.                                                                                                     1:23-cr-00748-KWR

SOLOMON PENA,

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court following the United States' filing of several motions *in limine*. Docs. 176, 178, 180, and 181. Defendant has not filed Responses in opposition to the United States' motions *in limine*.

The United States first moves this Court to prevent defense counsel from cross examining Jose Trujillo regarding a homicide wholly unrelated to this case. Doc. 178 at 1. Pursuant to Federal Rule of Evidence 608(b), the United States argues that because questions regarding the homicide are not probative of truthfulness, would be of little probative value, unfairly prejudicial, confusing, or misleading to the jury, cross-examination regarding this homicide should be prohibited. *Id*. at 2-5.

The United States next moves this Court to allow the use of a demonstrative aid summarizing a timeline of relevant, admissible evidence. Doc. 180. The Government argues the demonstrative aids place large amounts of evidence in chronological order for the jury and will incorporate excerpts from the admitted trial exhibits to aid the jury's understanding. *Id*. at 9-10. The United States asserts that courts routinely approve the use of such demonstrative aids. *Id*.

citing, *United States v. Hohn*, 606 Fed. Appx. 902, 910 (10th Cir. 2015), *United States v. Downen*, 496 F.2d 314, 320 (10th Cir. 1974).

Lastly, the United States moves to exclude allegations of a politically biased prosecution, asking this Court to prohibit any comments by the defense attacking the Government for reasons unrelated to the evidence.  Doc. 181.  The Government asserts that such arguments encourage jurors to decide the case based on reasons other than the evidence presented and, therefore, improper.  *Id*. at 1 citing, *United States v. Young*, 470 U.S. 1, 8 (1985), quoting *Sacher v. United States*, 343 U.S. 1 (1952)); *see also United States v. Whitmore*, 359 F.3d 609, 615-16 (D.C. Cir. 2004).  Accordingly, this Court should exclude any defense that seeks to portray the prosecution as politically motivated.  *Id*. at 2.

This Court agrees with the Government and finds the United States' motions *in limine* (Docs. 178, 180, and 181) are well-taken.

**IT IS THEREFORE ORDERED** that the United States' motions *in limine* contained in Documents 178, 180, and 181 are **GRANTED**.

**IT IS FURTHER ORDERED** that the United States' omnibus motion *in limine* (Doc. 176) is moot pursuant to this Court's order in Document 179 and the United States' subsequent filings.

                                                 /S/  
                                                 KEA W. RIGGS  
                                                 UNITED STATES DISTRICT JUDGE