IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                          Case 1:23-cr-00748-KWR

SOLOMON PENA,

    Defendant.

## ORDER

The Court having considered Defendant's Opposed Motion to Continue the Trial Setting (Doc. 192), being fully advised in the premises and in light of the holdings in *United States v. Toombs,* 574 F.3d 1262 (10th Cir. 2009) and *United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990), finds sufficient grounds have not been established to continue the current trial date of September 16, 2024.

The United States opposes Defendant's Motion. Defendant seeks a trial continuance of one month because of his placement by the United States Marshal Service in a detention facility in Otero County, New Mexico, and interrupted access to his laptop during his transfer between detention facilities. Doc. 192.[1]

This Court finds Defendant has not articulated sufficient grounds to vacate the current trial setting. Mr. Pena is entitled to due process and a fair trial with effective assistance of counsel. *Toombs*, 574 F.3d 1262, 1268-69. Defense counsel asserts she needs additional time to prepare for trial because of Defendant's placement in Otero County, New Mexico, and her client's

---

[1] Defense counsel has not stated the grounds under which this Court should grant a continuance. Therefore, this Court considers Defendant's request under both *Toombs* and *Rivera.*

interrupted access to a laptop for defense preparation purposes.[2] Defense counsel has not cited *Toombs, Rivera*, any case law, nor the grounds under which a continuance of the current trial date is necessary. Accordingly, this Court finds in considering the *Toombs* factors and with the current trial setting, Defendant will not be deprived of his due process rights; a failure to grant a continuance would not result in a miscarriage of justice or make a continuation of the proceeding impossible. *Toombs*, 574 F.3d at 1268-69. Defense counsel does not argue nor does this Court find that this case is so unusual or complex that adequate preparation for pretrial proceedings would be unreasonable. *Id*. Nor would failure to grant a continuance deny Defendant reasonable time to effectively prepare for trial when considering due diligence. *Id*.[3]

Defendant was indicted on May 24, 2023 – more than a year ago. Doc. 32. Defense counsel has represented him since at least June 1, 2023. Doc. 48. Furthermore, this Court accommodated defense counsel's request to continue the June 10, 2024, trial setting by over three months to the current trial setting of September 16, 2024, so that she could adequately prepare for trial. Doc. 162. "The Speedy Trial Act is designed to protect a criminal defendant's constitutional right to a speedy trial and serve the public interest in brining prompt criminal proceedings." *United States v. Thompson*, 524 F.3d 1126, 1131 (10th Cir.2008). "The ends-of-justice exception to the otherwise precise requirements of the [Speedy Trial] Act was meant to be a rarely used tool for those cases demanding more flexible treatment." *Toombs*, 574 F.3d at 1269 citing, *United States v. Doran,* 882 F.2d 1511, 1515 (10th Cir.1989). Accordingly, this Court finds for the reasons stated here and on the record at the August 7, 2024, hearing, the current trial setting of September 16, 2024, is reasonable for adequate preparation for trial.

---

[2] Defense counsel and the United States stated on the record at the hearing held by this Court on August 7, 2024, that his laptop access was interrupted for several days during July 2024 and his transfer between federal detention facilities.
[3] The parties do not argue nor does this Court find the third *Toombs* factor is applicable. *Toombs*, 574 F.3d at 1268-69. Therefore, this Court does not address it.

Alternatively, under *United States v. Rivera,* 900 F.2d 1462, 1475 (10th Cir. 1990), in considering whether to deny a continuance, courts must consider, "[1] the diligence of the party requesting the continuance; [2] the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; [3] the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; [4] the need asserted for the continuance and the harm that [defendant] might suffer as a result of the district court's denial of the continuance." *United States v. West*, 828 F.2d 1468, 1469 (10th Cir.1987); *United States v. Ortiz*, 804 F.2d 1161, 1167 (10th Cir.1986); *United States v. Bradshaw*, 787 F.2d 1385, 1392 (10th Cir.1986).

In considering these factors, this Court finds a continuance is not warranted.  Applying the first factor, the diligence of the party requesting the continuance, this Court finds that Defendant was not diligent in requesting his continuance.  Defendant alleges that he was not able to contact his counsel in early June 2024 and was denied laptop access in early July 2024.  Doc. 192.  Defense counsel did not file the instant motion until July 29, 2024 – just shortly before a series of pretrial deadlines.  *Id*.  Defense counsel has not demonstrated diligence in filing her continuance request given the allegations she claims in the Motion.  Secondly, the Court finds that if granted, a continuance of one month would not accomplish the purposes of Defendant's express need for a continuance.  As this Court stated in the August 7, 2024, hearing, it does not control where Defendant is placed.  Defendant has access to his laptop for the purposes of preparing his defense and has had and still has adequate time to prepare for trial.  The Court does not find that granting a continuance would in any way accomplish the purposes of Defendant's request.  Thirdly, this Court finds, especially given the continuance already granted by this Court, it would be greatly inconvenient to the United States, witnesses, potential jurors, and this Court in extending the trial

even further. Lastly, this Court does not find, given the reasons cited by Defendant, how Mr. Pena would suffer as a result of a denial of his continuance request. While Defendant's access to his laptop may have been unintentionally and briefly interrupted in July 2024, Defendant has had and will have adequate time to prepare for trial with his laptop and attorney. Therefore, the Court does not find Mr. Pena would be materially prejudiced through the denial of his continuance request. *West*, 828 F.2d at 1469.

**IT IS THEREFORE ORDERED** that Defendant's Opposed Motion to Continue the Trial Setting is **DENIED**. Trial will commence on **September 16, 2024**, at **9:00 A.M**. Call of the Calendar will be held on **September 9, 2024**, at **9:00 A.M**.

\_\_/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE