IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.                                                                                                 1:23-cr-00748-KWR

SOLOMON PENA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon the United States' Motion *in Limine* to admit evidence that Defendant Solomon Pena intended to target additional political opponents. Doc. 182. Having reviewed the pleadings and applicable law, this Court finds that Defendant's objection is not well taken and, therefore, is **OVERRULED**.

### BACKGROUND

On May 24, 2023, Defendant Solomon Pena was indicted on numerous charges including, conspiracy, in violation of 18 USC § 371; interference with federally protected activities, in violation of 18 USC § 245(b)(1)(A); aiding and abetting, in violation of 18 USC § 2; using and carrying a firearm during and in relation to a crime of violence, and possessing a firearm in furtherance of such crime, in violation of 18 USC § 924(c)(1)(A)(iii); aiding and abetting, in violation of 18 USC § 2; using and carrying a firearm during and in relation to a crime of violence, and possessing a firearm in furtherance of such crime, in violation of 18 USC §§ 924(c)(1)(A)(iii) and (B)(ii); and aiding and abetting, in violation of 18 USC § 2. Doc. 33. On March 26, 2024, in a superseding indictment, Defendant Pena was further charged with felon in possession of a

firearm and ammunition, in violation of 18 USC § 922(g)(1) and 924; and solicitation to commit a crime of violence, in violation of 18 USC § 373. Doc. 147.

On July 17, 2024, the United States filed this Motion *in Limine*. Doc. 182. Specifically, the United States moves this Court to admit evidence that Defendant Pena had a list of other targets he intended to intimidate or retaliate against before the conspiracy ended. *Id*. at 1. The United States asserts that it will elicit testimony that Defendant Solomon Pena intended to continue shooting at and target other politicians or election officials he deemed responsible for his election loss. *Id*.

## LEGAL STANDARD

Federal Rule of Evidence 401 states, "[e]vidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Res gestae evidence is "those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense." *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000); *see United States v. McVeigh*, 153 F.3d 1166, 1203 (10th Cir. 1998), disapproved of on other grounds by *Hooks v. Ward*, 184 F.3d 1206 (10th Cir. 1999). The Sixth Circuit in *Hardy* explained:

> Proper background evidence has a causal, temporal or spatial connection with the charged offense. Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense.

228 F.3d at 748. The Tenth Circuit has stated that "[e]vidence of other crimes should not be suppressed when those facts come in as res gestae – as part and parcel of the proof of the offense[] charged in the indictment." *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995) citing, *United States v. Gano*, 560 F.2d 990, 993–93 (10th Cir.1977). Res gestae evidence is permitted

2

"when it provides the context for the crime, is necessary to a full presentation of the case, or is appropriate in order to complete the story of the crime on trial by providing its immediate context or the res gestae. *Kimball*, 73 F.3d at 272.

Under Federal Rule of Evidence 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, under Rule 404(b)(2), "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404.

To determine whether evidence is admissible under Rule 404(b)(2), the *Huddleston* test applies: (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted. *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000)(Ebel, J.)(citing *United States v. Roberts*, 185 F.3d 1125 (10th Cir. 1999)(Porfilio, J.)). *See United States v. Higgins*, 282 F.3d 1261, 1274 (10th Cir. 2002)(Holloway, J.); *United States v. Hardwell*, 80 F.3d 1471, 1488 (10th Cir. 1996)(Briscoe, J.)(citing *Huddleston v. United States*, 485 U.S. at 691–92, 108 S.Ct. 1496).

**ANALYSIS**

Defendant objects to the Government's motion to introduce evidence and elicit testimony related to Mr. Pena's intent to target political opponents. Doc. 199. Defendant denies there is a list of individuals he intended to intimidate or retaliate against. Doc. 199 at 1. Rather, Mr. Pena asserts that he only intended to surveil those whom "he believed to be corrupt politicians who in his opinion had rigged elections." *Id*. at 2. Defendant asserts that if he wishes to investigate and

3

look for evidence "of election rigging," that is his right under the First Amendment. *Id*. This Court rejects Mr. Pena's arguments and concludes that the Government's proposed evidence is admissible pursuant to Federal Rules of Evidence 401, 403, 404(b), and as res gestae. Defendant's objection is **OVERRULED**.

The United States contends that evidence that Defendant Pena intended to target additional victims involved in politics is intrinsic because it demonstrates that the shootings were part of an objective to carry out widespread violence to interfere with federally protected activities. Doc. 182. Defendant's plan constitutes intrinsic evidence for several reasons, including that it was "inextricably intertwined with the charged conduct," as well as proof of Mr. Pena's motive, knowledge, intent, and plan. *Id*. citing, *United States v. Kupfer*, 797 F.3d 1233, 1238 (10th Cir. 2015), *Huddleston*, 485 U.S. at 699. This Court agrees with the United States and finds such evidence is admissible.

Relevant evidence is admissible at trial. Fed.R.Evid. 401. Evidence is relevant if it has a "tendency to make the existence of any fact more probable or less probable than it would be without the evidence." *United States v. Gutierrez-Castro,* No. CR 10-2072 JB, 2011 WL 3503321 * 3 (D.N.M. Aug. 6, 2011). Under Rule 401, a fact is of consequence when its existence provides a factfinder with a basis to provide an inference or chain of inferences about an issue necessary to a verdict. *Mendoza-Salgado*, 964 F.2d at 1006. Applying this standard, this Court finds the evidence the Government seeks to elicit regarding his intent to target additional victims is relevant. Here, Defendant is charged with interference with federally protected activities and conspiracy. The United States has stated that it will present evidence that Defendant's scheme included targeting local officials and politicians by shooting at their homes. Doc. 182. The United States asserts it will elicit testimony and submit evidence that Defendant had a list of other targets he intended to intimidate or retaliate against before the conspiracy ended. *Id*. Such evidence is

4

intrinsic to the charged crimes and probative of a conspiracy, motive, intent, and knowledge. Evidence of Mr. Pena's intent to target additional victims makes the existence of any fact more or less probable than without the evidence. *Gutierrez-Castro*, 2011 WL 3503321, at *3. Therefore, it is of consequence to the factfinder regarding issues necessary for a verdict; this Court finds the evidence in question relevant.

The United States' argument that evidence of Mr. Pena's intent to target additional victims is admissible as it is both intrinsic and res gestae is well taken. While in some circumstances evidence of other acts may be inadmissible under Fed.R.Evid. 404(b), intrinsic evidence is an exception to this rule. *United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir.2011). Evidence is intrinsic when it is "directly connected to the factual circumstances of the crime and provides contextual or background information to the jury." *United States v. Kupfer*, 797 F.3d 1233, 1238 (10th Cir. 2015) citing, *United States v. Parker*, 553 F.3d 1309, 1314 (10th Cir.2009) (quoting Thomas M. DiBiagio, Intrinsic and Extrinsic Evidence in Federal Criminal Trials: Is the Admission of Collateral Other–Crimes Evidence Disconnected to the Fundamental Right to a Fair Trial, 47 Syracuse L.Rev. 1229, 1231 (1997)). The Tenth Circuit regards evidence as intrinsic when it is "inextricably intertwined" with charged conduct, "occurred within the same time frame as the activity in the conspiracy being charged…provided direct proof of the defendant's involvement with the charged crimes", was "entirely germane background information,…'directly connected to the factual circumstances of the crime,' or "was necessary to provide the jury with background and context of the nature of the defendant's relationship to his accomplice." *Id*. citing, *United States v. Lambert*, 995 F.2d 1006, 1007 (10th Cir.1993) (quoting *United States v. Williams*, 900 F.2d 823, 825 (5th Cir.1990)); *United States v. Parker*, 553 F.3d 1309, 1315 (10th Cir.2009); *United States v. Irving*, 665 F.3d 1184, 1212–13 (10th Cir.2011); *United States v. Hall*, 508

Fed.Appx. 776, 779–80 (10th Cir.2013). Here, evidence that Mr. Pena had a list of other persons involved in politics that he intended to target is admissible as res gestae. Such evidence is inextricably intertwined with, integral to, and necessary for the jury to understand that the shootings were part of a broader plan and objective to carry out violence and interfere with federally protected activities as outlined in the superseding indictment. Doc. 147. The testimony the Government seeks to elicit includes evidence that is part of the same scheme for which Mr. Pena is being prosecuted and directly connected to its factual circumstances. *United States v. Oles*, 994 F.2d 1519, 1522 (10th Cir. 1993). The proposed testimony provides context for the crimes charged and is necessary for a full presentation of this case to the jury. *Kimball*, 73 F.3d at 272. In addition to the probative value, this Court also finds the proposed background evidence has causal, temporal, and spatial connections to the charged offenses. *Hardy*, 228 F.3d at 748.

To be admissible, res gestae evidence is subject to Rule 403 scrutiny. *Shirley*, 214 F.Supp.3d at 1158. Under Rule 403, unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001) citing, Fed.R.Evid. 403 advisory committee note. Furthermore, this Court has considerable discretion in performing a Rule 403 balancing test, which itself "is an extraordinary remedy and should be used sparingly." *Id*. citing, *United States v. Rodriguez*, 192 F.3d 946, 949 (10th Cir.1999). The proposed evidence and testimony provide unique probative value regarding Defendant Pena's intent and wide-reaching plan to violently interfere with federally protected activities. Such testimony has independent probative value that is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Nor is such testimony likely to stir an emotional response. Defendant has not demonstrated that unfair

prejudice substantially outweighs its probative value as required by Rule 403.  Therefore, this Court finds that the evidence the Government seeks to admit is admissible as res gestae, satisfies Rule 403, and is therefore, admissible.[1]

Alternatively, assuming it is not *res gestae* evidence, evidence of Mr. Pena's intent to target additional victims is admissible under Fed.R.Evid. 404(b).  Under the *Huddleston* test: (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.  *Zamora*, 222 F.3d at 762; *Roberts*, 185 F.3d at 1125; *Higgins*, 282 F.3d at 1274; *Hardwell*, 80 F.3d at 1488; *Huddleston*, 485 U.S. at 691–92.

The United States argues that under Rule 404(b), the proposed testimony establishes motive, knowledge, intent, and plan.  Doc. 182 at 2.  This Court agrees with the United States and finds that the proposed evidence of Defendant Pena's intent to target additional victims is admissible under Rule 404(b).

Evidence of Mr. Pena's plans to target additional victims as a part of the broader scheme to interfere in federally protected activities serves as evidence to identify that Mr. Pena is the person who orchestrated the previous four shootings.  Such evidence also serves to demonstrate that Mr. Pena was motivated to conduct the shootings for political purposes due to his election loss, his knowledge of the plan, and that he intended to continue the scheme.  Therefore, under

---

[1] The limitations of Rule 404(b) do not apply to intrinsic, *i.e.*, res gestae evidence, and therefore, a 404(b) analysis need not be conducted to determine admissibility as res gestae.  *O'Brien*, 131 F.3d at 1432 citing, *Lambert*, 995 F.2d at 1007 (quoting *Williams*, 900 F.2d at 825).

*Huddleston*, this Court finds the testimony and evidence the United States seeks to elicit are offered for a proper purpose, namely, probative of Defendant's identity, motive, knowledge, intent, and common plan or scheme. As this Court previously discussed, such evidence is relevant and complies with Fed.R.Evid. 403. Defendant's plans to target other victims is highly probative of his motive for the charged offenses, and the United States has precisely articulated the hypothesis by which consequential facts can be inferred from these acts. *United States v. Holt*, No. 21-CR-205-JFH, 2022 WL 2359785 * 2 (E.D. Okla. June 30, 2022), citing *Kendall*, 766 F.3d at 1436.

Defendant denies the existence of a list of individuals whom he intended to intimidate or retaliate against. Doc. 199. Mr. Pena accuses the United States of attempting to "twist and misrepresent" his words and communications. *Id*. Defendant denies the allegations against him and asserts that it was well within his First Amendment right to investigate and "look for evidence of election rigging." *Id*. Defendant's Response does not cite the Federal Rules of Evidence nor argue to this Court how the proposed evidence is inadmissible under Rules 401, 402, 403, or as res gestae. Accordingly, this Court rejects Defendant's arguments.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's objection to the United States' Motion *in Limine* (Doc. 182) is **OVERRULED**. The United States may introduce evidence and elicit testimony of Defendant Solomon Pena's intent to target additional political opponents.

                                                                                                /S/
                                                                        KEA W. RIGGS
                                                                        UNITED STATES DISTRICT JUDGE