IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.                                                                             1:23-cr-00748-KWR

SOLOMON PENA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon the United States' Motion *in Limine* to admit reference to Defendant Solomon Pena's status as a prisoner. Doc. 183. Having reviewed the pleadings and applicable law, this Court finds that Defendant's objection is not well taken and, therefore, is **OVERRULED**.

## BACKGROUND

On May 24, 2023, Defendant Solomon Pena was indicted on numerous charges including, conspiracy, in violation of 18 USC § 371; interference with federally protected activities, in violation of 18 USC § 245(b)(1)(A); aiding and abetting, in violation of 18 USC § 2; using and carrying a firearm during and in relation to a crime of violence, and possessing a firearm in furtherance of such crime, in violation of 18 USC § 924(c)(1)(A)(iii); aiding and abetting, in violation of 18 USC § 2; using and carrying a firearm during and in relation to a crime of violence, and possessing a firearm in furtherance of such crime, in violation of 18 USC §§ 924(c)(1)(A)(iii) and (B)(ii); and aiding and abetting, in violation of 18 USC § 2. Doc. 33. On March 26, 2024, in a superseding indictment, Defendant Pena was further charged with felon in possession of a

firearm and ammunition, in violation of 18 USC § 922(g)(1) and 924; and solicitation to commit a crime of violence, in violation of 18 USC § 373. Doc. 147.

On July 17, 2024, the United States filed this Motion *in Limine*. Doc. 183. Specifically, the United States moves this Court to admit reference to Defendant's status as a prisoner when he had specific conversations with fellow inmates. *Id*. at 1. The Government argues this context is inseparable from the evidence. The United States also intends to admit messages Defendant sent from prison, as they provide further evidence of his intent to interfere with federally protected activities. *Id*. at 3.

## LEGAL STANDARD

Federal Rule of Evidence 401 states, "[e]vidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

*Res gestae* evidence is "those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense." *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000); *see United States v. McVeigh*, 153 F.3d 1166, 1203 (10th Cir. 1998), disapproved of on other grounds by *Hooks v. Ward*, 184 F.3d 1206 (10th Cir. 1999). The Sixth Circuit in *Hardy* explained:

> Proper background evidence has a causal, temporal or spatial connection with the charged offense. Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense.

228 F.3d at 748. The Tenth Circuit has stated that "[e]vidence of other crimes should not be suppressed when those facts come in as res gestae – as part and parcel of the proof of the offense[] charged in the indictment." *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995) citing,

2

*United States v. Gano*, 560 F.2d 990, 993–93 (10th Cir.1977).  *Res gestae* evidence is permitted "when it provides the context for the crime, is necessary to a full presentation of the case, or is appropriate in order to complete the story of the crime on trial by providing its immediate context or the res gestae." *Kimball*, 73 F.3d at 272.

Under Federal Rule of Evidence 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  However, under Rule 404(b)(2), "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404.

To determine whether evidence is admissible under Rule 404(b)(2), the *Huddleston* test applies: (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.  *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000)(Ebel, J.)(citing *United States v. Roberts*, 185 F.3d 1125 (10th Cir. 1999)(Porfilio, J.)). *See United States v. Higgins*, 282 F.3d 1261, 1274 (10th Cir. 2002)(Holloway, J.); *United States v. Hardwell*, 80 F.3d 1471, 1488 (10th Cir. 1996)(Briscoe, J.)(citing *Huddleston v. United States*, 485 U.S. at 691–92, 108 S.Ct. 1496).

## ANALYSIS

Defendant objects to the Government's motion to admit reference to Mr. Pena's status as a prisoner.  Doc. 198.  Defendant disputes that there were any conversations that took place between him and other inmates in which he allegedly solicited harm to his co-defendants or other

3

witnesses. *Id*. at 1. Mr. Pena states he will elicit testimony from witnesses claiming they were "approached by the United States to make up conversations and try to solicite (*sic*) statements which could be incriminating to Defendant Pena in exchange for a lighter sentence in their own case." *Id*. at 1-2. Defendant argues that his status as a prisoner does not need to be admitted into evidence, and he is entitled "to dress out and to have no reference made to his incarceration under *Estelle v. Williams*, 425 U.S. 501, 505 (1976)." *Id*. at 2. This Court rejects Mr. Pena's arguments and concludes that the Government's proposed evidence is admissible pursuant to Federal Rules of Evidence 401, 403, 404(b), and as *res gestae*. Defendant's objection is **OVERRULED**.

The United States contends that the entirety of Defendant's conduct charged in Counts 11 through 13 occurred in prison, where he purportedly solicited fellow inmates to kill the expected witnesses against him. Doc. 183 at 2. The Government argues that such evidence is admissible as *res gestae* and is not unfairly prejudicial. *Id*. This Court agrees with the United States and finds such evidence is admissible.

Relevant evidence is admissible at trial. Fed.R.Evid. 401. Evidence is relevant if it has a "tendency to make the existence of any fact more probable or less probable than it would be without the evidence." *United States v. Gutierrez-Castro,* No. CR 10-2072 JB, 2011 WL 3503321 * 3 (D.N.M. Aug. 6, 2011). Under Rule 401, a fact is of consequence when its existence provides a factfinder with a basis to provide an inference or chain of inferences about an issue necessary to a verdict. *Mendoza-Salgado*, 964 F.2d at 1006. Applying this standard, the Court finds the evidence the Government seeks to admit regarding reference to Defendant's status as a prisoner is relevant. Here, Defendant is charged in Counts 11 through 13 with solicitation to commit a crime of violence, in violation of 18 U.S.C. § 373. Doc. 146. The United States asserts there is not a way for evidence related to Defendant's alleged solicitation to commit a crime of violence to be

presented without reference to Defendant's status as an inmate. Doc. 183 at 1. Defendant's status as an inmate is intrinsic to the charged crimes. Mr. Pena's status as an inmate makes the existence of any fact more or less probable as it relates to the solicitation to commit a crime of violence than without the evidence. *Gutierrez-Castro*, 2011 WL 3503321, at *3. Therefore, it is of consequence to the factfinder regarding issues necessary for a verdict; this Court finds the evidence in question relevant.

        The United States' argument that reference to Mr. Pena's status as an inmate and messages he sent from prison are admissible as they are both intrinsic and *res gestae* is well taken. Evidence is intrinsic when it is "directly connected to the factual circumstances of the crime and provides contextual or background information to the jury." *United States v. Kupfer*, 797 F.3d 1233, 1238 (10th Cir. 2015) citing, *United States v. Parker*, 553 F.3d 1309, 1314 (10th Cir.2009) (quoting Thomas M. DiBiagio, Intrinsic and Extrinsic Evidence in Federal Criminal Trials: Is the Admission of Collateral Other–Crimes Evidence Disconnected to the Fundamental Right to a Fair Trial, 47 Syracuse L.Rev. 1229, 1231 (1997)). The Tenth Circuit regards evidence as intrinsic when it is "inextricably intertwined" with charged conduct, "occurred within the same time frame as the activity in the conspiracy being charged…provided direct proof of the defendant's involvement with the charged crimes", was "entirely germane background information,…'directly connected to the factual circumstances of the crime,' or "was necessary to provide the jury with background and context of the nature of the defendant's relationship to his accomplice." *Id*. citing, *United States v. Lambert*, 995 F.2d 1006, 1007 (10th Cir.1993) (quoting *United States v. Williams*, 900 F.2d 823, 825 (5th Cir.1990)); *United States v. Parker*, 553 F.3d 1309, 1315 (10th Cir.2009); *United States v. Irving*, 665 F.3d 1184, 1212–13 (10th Cir.2011); *United States v. Hall*, 508 Fed.Appx. 776, 779–80 (10th Cir.2013). Here, reference to Mr. Pena as an inmate and messages

sent by him while in prison, as it relates to solicitation to commit a crime of violence, are admissible as *res gestae*. Such evidence is inextricably intertwined with, integral to, and necessary for the jury to understand that the three counts of solicitation to commit a crime of violence against his co-defendants or witnesses, occurred while imprisoned. Reference to Defendant's status as an inmate and messages he sent provide context for the crimes charged and are necessary for a full presentation of this case to the jury. *Kimball*, 73 F.3d at 272. In addition to the probative value, this Court also finds the proposed background evidence has causal, temporal, and spatial connections to the charged offenses. *Hardy*, 228 F.3d at 748. The Tenth Circuit has held that evidence of criminal confinement, where it provides necessary context, is admissible as *res gestae*, under Rule 404(b), and is not unfairly prejudicial. *Ford*, 613 F.3d at 1267.

To be admissible, *res gestae* evidence is subject to Rule 403 scrutiny. *Shirley*, 214 F.Supp.3d at 1158. Under Rule 403, unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001) citing, Fed.R.Evid. 403 advisory committee note. Furthermore, this Court has considerable discretion in performing a Rule 403 balancing test, which itself "is an extraordinary remedy and should be used sparingly." *Id*. citing, *United States v. Rodriguez*, 192 F.3d 946, 949 (10th Cir.1999). Reference to Defendant Pena's status as an inmate and messages he sent while in prison provide unique probative value regarding his alleged solicitations to commit a crime of violence while in custody. Such information has independent probative value that is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Nor is such testimony likely to stir an emotional response. Defendant has not demonstrated that unfair prejudice substantially outweighs its probative value as required by Rule

403. Therefore, this Court finds that the references the Government seeks to admit are admissible as *res gestae*. *See Ford*, 613 F.3d at 1267.

Alternatively, assuming references to Defendant's status as a prisoner and messages he sent while in prison are not admissible as *res gestae*, both are admissible under Fed. R. Evid. 404(b). Under the *Huddleston* test: (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted. *Zamora*, 222 F.3d at 762; *Roberts*, 185 F.3d at 1125; *Higgins*, 282 F.3d at 1274; *Hardwell*, 80 F.3d at 1488; *Huddleston*, 485 U.S. at 691–92.

Under Rule 404(b), Defendant's status as a prisoner and messages sent by him in prison serves as evidence to identify Mr. Pena's motivation for soliciting to commit crimes of violence while in custody. Such evidence also serves to prove Mr. Pena's intent, plan, and knowledge of the plan to solicit crimes of violence against co-defendants or witnesses. Therefore, under *Huddleston*, this Court finds the references to Defendant's status as a prisoner and messages he sent while imprisoned are offered for a proper purpose, namely, probative of his motive, intent, plan, and knowledge. As this Court previously discussed, such evidence is relevant and complies with Fed.R.Evid. 403. Defendant's purported solicitations to commit crimes of violence and messages sent are highly probative of his motive for the charged offenses. The United States has precisely articulated the hypothesis by which consequential facts can be inferred from these acts. *United States v. Holt*, No. 21-CR-205-JFH, 2022 WL 2359785 * 2 (E.D. Okla. June 30, 2022), citing *Kendall*, 766 F.3d at 1436.

Defendant asserts that no conversations regarding solicitating crimes of violence took place between him and other inmates.  Doc. 198 at 1-2.  Mr. Pena accuses the United States of encouraging witnesses to "make up conversations and try to solicite (*sic*) statements which could be incriminating."  *Id*.  Defendant's Response does not cite the Federal Rules of Evidence nor argue to this Court how the proposed evidence is inadmissible under Rules 401, 402, 403, or as *res gestae*.  Defendant asserts that under *Estelle v. Williams*, 425 U.S. 501, 505 (1976), he is "entitled to dress out and to have no reference made to his incarceration."  *Id*.  While under *Estelle*, appearance in prison attire may impair the presumption of innocence, Defendant does not articulate to this Court how this case is on point and applies here.  The United States is not asking that Mr. Pena appear before the Court in prison attire, but rather that evidence of his status as a prisoner and messages he sent be admitted under Rules 401, 403, 404(b), and as *res gestae* because of its relationship to Counts 11 through 13 in the superseding indictment.  *Estelle* does not prohibit the admission of evidence of criminal confinement under these rules.  Apart from argument and citing *Estelle*, Defendant has not demonstrated to this Court how reference to his status as a prisoner or messages sent while imprisoned run afoul of the Federal Rules of Evidence.  Accordingly, this Court rejects Defendant's arguments.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's objection to the United States' Motion *in Limine* (Doc. 183) is **OVERRULED**.  The United States may refer to Defendant's status as a prisoner and may move to admit the messages sent from Defendant while in prison.

   /S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE