IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.                                                                                                                       1:23-cr-00748-KWR

SOLOMON PENA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon the United States' motion *in limine* to admit evidence of four 9-1-1 calls reporting each of the four shootings. Doc. 184 amended by Doc. 222.[1] Having reviewed the pleadings and applicable law, this Court finds that the United States' motion *in limine* is well taken and, therefore, **GRANTED**.

## BACKGROUND

On May 24, 2023, Defendant Solomon Pena was indicted on numerous charges including, conspiracy, in violation of 18 USC § 371; interference with federally protected activities, in violation of 18 USC § 245(b)(1)(A); aiding and abetting, in violation of 18 USC § 2; using and carrying a firearm during and in relation to a crime of violence, and possessing a firearm in furtherance of such crime, in violation of 18 USC § 924(c)(1)(A)(iii); aiding and abetting, in violation of 18 USC § 2; using and carrying a firearm during and in relation to a crime of violence, and possessing a firearm in furtherance of such crime, in violation of 18 USC §§ 924(c)(1)(A)(iii) and (B)(ii); and aiding and abetting, in violation of 18 USC § 2. Doc. 33. On March 26, 2024, in

---

[1] Defendant filed a Response to Doc. 184. *See* Doc. 197. The United States filed an amended motion (Doc. 222) to correct a labeling discrepancy between the lodged exhibits and the motion *in limine*. The United States' amended motion did not contain any substantive changes and therefore, a Response is not required.

a superseding indictment, Defendant Pena was further charged with felon in possession of a firearm and ammunition, in violation of 18 USC § 922(g)(1) and 924; and solicitation to commit a crime of violence, in violation of 18 USC § 373.  Doc. 147.

On July 17, 2024, the United States filed this Motion *in Limine*.  Doc. 184 amended by Doc. 222.  Specifically, the United States moves this Court to admit evidence of the four short 9-1-1 calls reporting each of the four shootings.  Doc. 184 at 1.  Two of the calls were placed by the victims upon discovering bullet holes in their homes.  *Id*.  The other two were placed by witnesses immediately after the gunfire.  *Id*.  The United States argues the calls are highly probative because "they either describe the shootings in real-time or corroborate testimony of Government witnesses that the shootings took place on the dates and at the locations alleged."  *Id*. at 2.

## LEGAL STANDARD

Federal Rule of Evidence 401 states, "[e]vidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.

Hearsay is a statement that "the declarant does not make while testifying at the current trial or hearing" and "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(1)-(2); *United States v. Collins*, 575 F.3d 1069, 1073 (10th Cir. 2009). "But testimony not offered to prove the matter asserted that is 'offered instead for *relevant* context or background' is not hearsay." *United States v. Becknell*, 601 F. App'x 709, 712 (10th Cir. 2015) (unpublished opinion) (quoting *United States v. Hinson*, 585 F.3d 1328, 1336 (10th Cir. 2009) ).  Although hearsay statements are generally not admissible at trial, *see* Fed. R. Evid. 802, a statement "describing or explaining an event or condition, made while or immediately after the declarant perceived it," is not hearsay, and therefore may be admissible.  Fed. R. Evid. 803(1);

*United States v. Lovato*, 950 F.3d 1337, 1341 (10th Cir. 2020). "In evidence law, we generally credit the proposition that statements about an event and made soon after perceiving that event are especially trustworthy because 'substantial contemporaneity of event and statement negate the likelihood of deliberate or conscious misrepresentation.' " *Navarette v. California*, 572 U.S. 393, 399–400, 134 S.Ct. 1683, 188 L.Ed.2d 680 (2014) (quoting Fed. R. Evid. 803(1) advisory committee's notes to 1972 proposed rules). "Unsurprisingly, 911 calls that would otherwise be inadmissible hearsay have often been admitted on those grounds." *Id*. at 400, 134 S.Ct. 1683.

Rule 803(1) has three requirements, "i) the statement must describe or explain the event perceived; ii) the declarant must have in fact perceived the event described; and iii) the description must be 'substantially contemporaneous' with the event in question." *United States v. Mejia-Valez*, 855 F. Supp. 607, 613 (E.D.N.Y. 1994)(Korman, J.); *United States v. DeLeon*, 406 F. Supp. 3d 1129, 1163 (D.N.M. 2019).

"No authority creates a blanket requirement that a court must individually analyze each statement within a broader narrative under the present sense impression exception. Indeed, we have affirmed the admission of entire 911 calls as present sense impressions without requiring such a particularized inquiry." *Lovato*, 950 F.3d at 1342 citing, *United States v. Allen*, 235 F.3d 482, 493 (10th Cir. 2000). "When a significant, intervening event or substantial change in circumstances occurs between statements, Rule 803(1) may require a court to treat a declarant's statements differently." *Id.* at 1343 citing, *United States v. Jackson*, 124 F.3d 607, 618 (4th Cir. 1997).

"A 911 call has some features that allow for identifying and tracing callers, and thus provide some safeguards against making false reports with immunity." *Navarette*, 572 U.S. at 400, 134 S.Ct. 1683. "Although the use of the 911 system alone "does not 'suggest that tips in 911 calls

3

are per se reliable,'" a caller's use of the system mitigates some concern regarding reliability." *Lovato*, 950 F.3d at 1343 citing, *United States v. Gaines*, 918 F.3d 793, 806 (10th Cir. 2019) (Tymkovich, C.J., dissenting) (quoting *Navarette*, 572 U.S. at 401, 134 S.Ct. 1683).

## ANALYSIS

Defendant objects to the Government's motion to introduce the 9-1-1 call recordings in Exhibits 2-5. Doc. 197. Defendant asserts that the 9-1-1 call recordings do not fall within the present sense impression exception to the hearsay rule because "two of the calls were made after some time had passed and were not made at the time of the incident." *Id*. at 1. Defendant further argues that the statements made by two witnesses at the time of the incidents, while admissible under the present sense impression exception, are more prejudicial than probative under Rule 403. *Id*. at 1-2. Mr. Pena further claims that two of the calls where witnesses described bullet holes after the fact are distinguished from *Lovato* because there, the witnesses described the events contemporaneously, not after the fact. *Id*. This Court rejects Mr. Pena's arguments and concludes that the Government's proposed evidence in Exhibits 2-5 is admissible as an exception to the hearsay exclusion under Fed. R. Evid. 803(1). Alternatively, the proposed evidence is admissible under Fed. R. Evid. 803(2). Therefore, Defendant's objection is overruled.

The United States argues that under *Lovato*, the 9-1-1 calls in question are admissible. Doc. 184. The Government states that the longest call the Government intends to play is less than six minutes. *Id*. citing, Ex. 2. Two of the calls were placed on the day of the first shooting, December 4, 2022. *Id*. citing, Exs. 2 and 3. In one call, Victim 1 states, "we just got home from the store and there's bullet holes all over our car that was here and the house." *Id*. citing, Ex. 3 at 00:08-00:17. In another call, a witness claims he heard gunshots "about two minutes ago." *Id*. citing, Ex. 2 at 01:14-01:23. In the third call, a witness on the day of the second shooting on December

4

8, 2022, states the incident was occurring "right now." *Id*. citing, Ex. 4 at 00:00-00:24. Lastly, on January 3, 2023, Victim 4 called the police upon waking up and finding bullet holes in her house. *Id*. citing, Ex. 5. This witness states, "I'm outside right now and there was a [bullet hole] just above…my bed and above my bedroom." *Id*. citing. Ex. 5 at 00:48-00:55. This Court agrees with the United States and finds the evidence in question admissible under Fed. R. Evid. 803(1).

Relevant evidence is admissible at trial. Fed.R.Evid. 401. Evidence is relevant if it has a "tendency to make the existence of any fact more probable or less probable than it would be without the evidence." *United States v. Gutierrez-Castro,* No. CR 10-2072 JB, 2011 WL 3503321 * 3 (D.N.M. Aug. 6, 2011). Under Rule 401, a fact is of consequence when its existence provides a factfinder with a basis to provide an inference or chain of inferences about an issue necessary to a verdict. *Mendoza-Salgado*, 964 F.2d at 1006. Applying this standard, this Court finds the evidence the Government seeks to admit relevant. Mr. Pena is charged with numerous crimes including conspiracy; interference with federally protected activities; using and carrying a firearm during and in relation to a crime of violence, and possessing a firearm in furtherance of such crime; using and carrying a firearm during and in relation to a crime of violence, and discharging said firearm; using and carrying a machinegun during and in relation to a crime of violence, and discharging said firearm; and felon in possession of a firearm and ammunition. Doc. 146. The 9-1-1 call recordings the United States seeks to admit are directly related to several of the charges Defendant faces, have a tendency to make facts more or less probable than without the evidence, and are of consequence. Fed. R. Evid. 401; *Gutierrez-Castro*, No. CR 10-2072 JB, 2011 WL 3503321 * 3. Therefore, this Court finds such evidence relevant.

Under Fed. R. Evid. 803(1), this Court finds the 9-1-1 call recordings the United States seeks to admit in Exhibits 2-5 admissible. The 9-1-1 call recordings contain statements that

describe and explain what each of the witnesses perceived, *i.e.*, active shooting or damage from shots that were fired. Exs. 2-5. In each of the exhibits, the declarant perceived the events described, and the observations and descriptions are substantially contemporaneous with the shootings and/or any damage found. In considering the 9-1-1 calls, this Court finds that the declarants made the statements soon after perceiving them. Therefore, this Court finds there is temporal proximity and substantial contemporaneity between the events and the statements made. *See generally* Exs. 2-5; *Navarrete*, 572 U.S. at 399-400.

Defendant asserts that there is insufficient temporal proximity between the declarants' observations and the hearsay statements to be a present sense impression exception. Doc. 198 at 1-2. This Court disagrees. Rule 803(1) "recognizes that in many, if not most, instances precise contemporaneity is not possible and hence a slight lapse is allowable." *Lovato*, 950 F.3d at 1344 citing, Fed. R. Evid. 803(1) advisory committee's notes to 1972 proposed rules. Courts have refused to adopt a per se rule as to what time interval is too long under Rule 803(1), because "[t]he underlying rationale of the present sense impression exception is that substantial contemporaneity of event and statement minimizes unreliability due to defective recollection or conscious fabrication." *Id.* citing, *United States v. Hawkins*, 59 F.3d 723, 730 (8th Cir. 1995)(internal quotation marks omitted)(quoting *United States v. Parker*, 936 F.2d 950, 954 (7th Cir. 1991)), cert. granted, vacated on other grounds, 516 U.S. 1168, 116 S.Ct. 1257, 134 L.Ed.2d 206 (1996).

Here, in Exhibits 2-5, this Court finds that the declarants' statements made in the 9-1-1 calls are sufficiently and substantially contemporaneous with the events in question. Defendant has not articulated which two of the four calls lack temporal proximity, nor how each of the declarants' observations of either the shootings and/or discovered damages at their residences fail to be contemporaneous with the observations. Two of the calls were placed on the day of the

shooting (December 4, 2022).  Exs. 2 and 3.  In one call, one of the victims stated, "we just got home from the store and there's bullet holes all over our car that was here and the house."  Ex. 3 at 00:08-00:17.   In Exhibit 2, a witness stated he heard gunshots "two minutes ago."  Ex. 2 at 01:17-01:23.  Another witness said the second shooting on December 8, 2022, was occurring "right now."  Ex. 4 at 00:00-00:24.  Lastly, on January 2, 2023, upon awakening, Victim 4 conveyed her observations of bullet holes above her bed and bedroom to the 9-1-1 dispatcher.  Ex. 5 at 00:48-00:55.  Defendant has not explained nor cited case law demonstrating how these statements and perceptions lack contemporaneity under Rule 803(1).  Accordingly, this Court finds the 9-1-1 calls in Exs. 2-5 are admissible under Rule 803(1).

Alternatively, this Court finds the 9-1-1 calls in question are admissible as excited utterances under Fed. R. Evid. 803(2).  The excited utterance exception is a hearsay exception for "[a] statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." Fed. R. Evid. 803(2).  To be an excited utterance, there must be, "(1) a startling event; (2) the statement was made while the declarant was under the stress of the event's excitement; and (3) a nexus between the content of the statement and the event." "[T]here is no precise amount of time between the event and the statement beyond which the statement cannot qualify as an excited utterance."  *United States v. Smith*, 606 F.3d 1270, 1279 (10th Cir. 2010) citing, *United States v. Pursley*, 577 F.3d 1204, 1220 (10th Cir. 2009); and then quoting *United States v. Ledford*, 443 F.3d 702, 711 (10th Cir. 2005), abrogated on other grounds by *Henderson v. United States*, 135 S. Ct. 180 (2015)).  In determining whether a declarant made a statement while under the stress of a particular event, courts consider, "the amount of time between the event and the statement; the nature of the event; the subject matter of the statement; the age and condition of the declarant; the presence or absence of self-interest; and whether the

statement was volunteered or in response to questioning." *Pursley*, 577 F.3d at 1220. Unlike present sense impressions, "excited utterance[s] need not be contemporaneous with the startling event to be admissible." *United States v. Tocco*, 135 F.3d 116, 127 (2d Cir. 1998). "The length of time between the event and the utterance is only one factor to be taken into account in determining whether the declarant was, within the meaning of rule 803(2), 'under the stress of excitement caused by the event or condition.' " *United States v. Scarpa*, 913 F.2d 993, 1017 (2d Cir. 1990).

Here, this Court finds the 9-1-1 calls that the United States seeks to admit are also admissible under Rule 803(2). In each instance, the declarant was exposed to a startling event, *i.e.*, either observing a shooting or damage from bullet holes on their property. The statements made by the declarants in the 9-1-1 calls were said while under the stress of excitement given their contemporaneity to the events in question, and therefore, a nexus between the statements and events exists. While Defendant disputes the contemporaneity of the statements, as this Court previously discussed, there was not a significant time lapse between each declarant's observations and the statements made. Furthermore, the nature of the events and the subject matter of the statements indicate that each of the declarants was under the stress of excitement caused by the events that transpired at the time of or immediately preceding the 9-1-1 calls. Accordingly, this Court finds in the alternative, the 9-1-1 calls the United States seeks to admit are admissible under Fed. R. Evid. 803(2).

Mr. Pena asserts that the 9-1-1 call recordings are unfairly prejudicial under Rule 403, as they will inflame the jury and do not corroborate other evidence. This Court disagrees. Under Fed. R. Evid. 403, a court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues,

misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Under Rule 403, unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001) citing, Fed.R.Evid. 403 advisory committee note. Furthermore, this Court has considerable discretion in performing a Rule 403 balancing test, which itself "is an extraordinary remedy and should be used sparingly." *Id*. citing, *United States v. Rodriguez*, 192 F.3d 946, 949 (10th Cir.1999).

Here, this Court finds the proposed evidence and testimony provide unique probative value regarding the charges Mr. Pena faces. The 9-1-1 calls have independent probative value that is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Nor is such testimony likely to stir an emotional response. Defendant has not demonstrated that unfair prejudice substantially outweighs its probative value as required by Rule 403. Nor has Defendant explained how the 9-1-1 calls "are designed to inflame the jury." Doc. 198 at 2. Accordingly, this Court finds the 9-1-1 calls in Exhibits 2-5 do not violate Rule 403. Defendant's objection is overruled.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the United States' motion *in limine* (Doc. 184 amended by Doc. 222) is **GRANTED.** The United States may <u>introduce</u> the 9-1-1 calls contained in Exhibits 2-5.

                                                ___/S/_____
                                                KEA W. RIGGS
                                                UNITED STATES DISTRICT JUDGE