IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

      vs.                            1:23-cr-00748-KWR

SOLOMON PENA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon the United States' motion *in limine* to exclude statements or evidence regarding possible criminal penalties (Doc. 187).  Having reviewed the pleadings and applicable law, the Court finds that the United States' motion *in limine* is well taken and, therefore, **GRANTED**.

## BACKGROUND

On May 24, 2023, Defendant Solomon Pena was indicted on numerous charges including, conspiracy, in violation of 18 USC § 371; interference with federally protected activities, in violation of 18 USC § 245(b)(1)(A); aiding and abetting, in violation of 18 USC § 2; using and carrying a firearm during and in relation to a crime of violence, and possessing a firearm in furtherance of such crime, in violation of 18 USC § 924(c)(1)(A)(iii); aiding and abetting, in violation of 18 USC § 2; using and carrying a firearm during and in relation to a crime of violence, and possessing a firearm in furtherance of such crime, in violation of 18 USC §§ 924(c)(1)(A)(iii) and (B)(ii); and aiding and abetting, in violation of 18 USC § 2.  Doc. 33.  On March 26, 2024, in a superseding indictment, Defendant Pena was further charged with felon in possession of a

firearm and ammunition, in violation of 18 USC § 922(g)(1) and 924; and solicitation to commit a crime of violence, in violation of 18 USC § 373.  Doc. 147.

On July 17, 2024, the United States filed this Motion *in Limine*.  Doc. 187.  Specifically, the United States moves this Court to exclude statements or evidence of possible penalties, because evidence of penalties is not a matter for the jury to consider.  *Id*. at 1.  The Government asks this Court to prohibit the defense or any defense witnesses from making statements or arguments that refer to Mr. Pena's potential sentence while the jury is present.  *Id*.

## DISCUSSION

The law is clear that information regarding what sentence might be imposed following a guilty verdict is irrelevant to the jury's task, and the jury is not to consider the potential punishment that could result from conviction. *U.S. v. Parrish*, 925 F.2d 1293, 1299 (10th Cir. 1991) (unless statute specifically requires jury participation in determining punishment, jury shall not be informed of possible penalties); *U.S. v. Greer*, 620 F.2d 1383, 1384-85 (10th Cir. 1980) (Absent a statutory requirement that the jury participate in the sentencing decision, nothing is left "for the jury determination beyond the guilt or innocence of an accused"); *U.S. v. Delgado*, 914 F.2d 1062, 1067 (8th Cir. 1990); *U.S. v. Del Toro*, 426 F.2d 181, 184 (5th Cir.) (jury instructions on sentencing are inappropriate), cert. denied, 400 U.S. 829 (1970); *U.S. v. Johnson*, 62 F.3d 849, 850-51 (6th Cir. 1995); *U.S. v. Broxton*, 926 F.2d 1180, 1183 (D.C. Cir.), cert. denied, 499 U.S. 911 (1991).

Criminal Pattern Jury Instruction 1.20 for the Tenth Circuit reads, "If you find the defendant guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict."  This instruction will be given by the Court.

The Tenth Circuit has rejected the notion that a defendant is entitled to invite a jury to consider punishment when determining guilt or innocence, proclaiming "there is no right to jury nullification." *Crease v. McKune*, 189 F.3d 1188, 1194 (10th Cir. 1999) (citing *U. S. v. Thomas*, 116 F.3d 606, 615 (2d Cir. 1997) (observing that "the power of juries to 'nullify' or exercise a power of lenity is just that - a power; it is by no means a right or something that a judge should encourage or permit if it is within his authority to prevent."). In *U.S. v. Greer*, 620 F.2d 1383, 1384-85 (10th Cir. 1980), the Tenth Circuit noted that "[t]he authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial" and that "[b]reach of this standard has often been grounds for reversal." The Tenth Circuit has also noted that the prohibition on the jury considering punishment protects a defendant himself from an unconstitutional conviction:

> We need imagine no improbable hypotheticals to appreciate the prejudicial effects of sentencing discussions as specific as those in this case. Information about sentencing or other consequences of a verdict is prejudicial because, if the jury is convinced that a defendant will receive a light sentence, it may be tempted to convict on weaker evidence.

*Greer,* 620 F.2d at 1385.

Mr. Pena asserts that neither he nor his counsel intends to introduce any statement or evidence regarding possible criminal penalties. Doc. 195 at 1-2. Therefore, defense counsel asks the United States to withdraw its motion and that this Court deny the Government's motion *in limine*. *Id*. This Court disagrees with Defendant and overrules his objections. While Mr. Pena may not intend to introduce evidence of or make statements regarding possible criminal penalties, he has not explained why the United States' motion should be denied. Defendant has not cited any case law, let alone case law articulating why statements or evidence regarding possible

criminal penalties are admissible.  As previously discussed, it is well established that such statements or evidence are not permitted.

**IT IS THEREFORE ORDERED** that the United States' motion *in limine* to exclude statements or evidence regarding possible criminal penalties (Doc. 187) is **GRANTED**.

**IT IS FINALLY ORDERED** that Defendant, his counsel, and Defendant's witnesses are to refrain from asking any question, introducing any evidence, or making any statement or argument that, either directly or indirectly, implicates Defendant's possible sentence while the jury is present.

_/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE