IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                            Case 1:23-cr-00748-KWR

SOLOMON PENA,

    Defendant.

# ORDER

The Court having considered Defendant's Third Opposed Motion to Continue the Trial and Deadlines (Doc. 226), being fully advised in the premises and in light of the holdings in *United States v. Cervantes*, 4 F.4th 1089 (10th Cir. 2021) and *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), finds sufficient grounds have not been established to continue the current trial date of September 16, 2024. Therefore, for the reasons stated herein and on the record at the August 19, 2024, motion hearing, Defendant's Motion is **DENIED**.

The United States opposes Defendant's Motion. Defendant seeks a trial continuance of four months on the grounds that he may retain additional counsel in preparation for trial. Doc. 226 at 2. Mr. Pena asserts that due to the complex nature of the case, he has sought to retain Mr. Joel R. Meyers as co-counsel, in addition to his current counsel, Ms. Elizabeth Honce. *Id*. Defendant states that Mr. Meyers is willing to join the defense team, but his need to be formally retained, familiarize himself with discovery, meet with Mr. Pena, and his current trial schedule render it impossible for a Sept. 16, 2024, trial. *Id*. Therefore, a four, possibly five-month continuance is warranted. *Id*. at 2-3. On August 19, 2024, this Court held a hearing on Defendant's motion.

This Court finds Defendant has not articulated sufficient grounds to vacate the current trial setting.[1]  The Sixth Amendment guarantees, "[i]n all criminal prosecutions, the accused shall ... have the assistance of counsel for his defense." U.S. Const. amend. VI.  The right to counsel is an "essential component" of the Sixth Amendment.  *United States v. Nichols*, 841 F.2d 1485, 1501 (10th Cir.1988).  An accused must "be afforded a fair opportunity to secure counsel of his own choice." *United States v. Mendoza-Salgado*, 964 F.2d 993, 1014 (10th Cir. 1992) citing, *Collins*, 920 F.2d at 624–25.  "In situations where a defendant is able to privately retain counsel, "the choice of counsel rests in his hands, not in the hands of the state."" *Id*. citing, *Collins*, 920 F.3d at 625.  Convictions where a court "unreasonably or arbitrarily interferes with an accused['s] right to retain counsel of choice…cannot stand, irrespective of whether the defendant has been prejudiced." *Id*.  The essential aim of the Sixth Amendment is "to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United States*, 486 U.S. 153, 159, 108 S.Ct. 1692, 1697, 100 L.Ed.2d 140 (1988).  A court must respect a defendant's choice to retain counsel "unless it would unreasonably delay proceedings or burden the court with retained counsel who was incompetent or unwilling to abide by court rules and ethical guidelines." *Collins*, 920 F.2d at 626 (quoting *United States v. Panzardi Alvarez*, 816 F.2d 813, 818 (1st Cir.1987).

Under *United States v. Cervantes*, 4 F.4th 1089, 1093-94 (10th Cir. 2021), in considering whether to deny a continuance, courts must consider, "(1) the diligence of the party seeking the continuance; (2) the likelihood the continuance, if granted, would have accomplished the stated purpose; (3) the inconvenience to the opposing party, witnesses, and the court; and (4) the need for the continuance and any harm resulting from its denial." *See also United States v. West*, 828

---

[1] Defense counsel has not stated the grounds under which this Court should grant a continuance.  Therefore, this Court considers Defendant's request under both *Cervantes* and *Toombs.*

2

F.2d 1468, 1469 (10th Cir.1987); *United States v. Ortiz*, 804 F.2d 1161, 1167 (10th Cir.1986); *United States v. Bradshaw*, 787 F.2d 1385, 1392 (10th Cir.1986); *United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990).

In considering these factors, this Court finds a continuance is not warranted.  Applying the first factor, the diligence of the party requesting the continuance, this Court finds that Defendant was not diligent in requesting his continuance.  Defendant was indicted on May 24, 2023 – more than a year ago.  Doc. 32.  Defense counsel has represented him since at least June 1, 2023.  Doc. 48.  Furthermore, this Court previously accommodated defense counsel's request to continue the June 10, 2024, trial setting by over three months to the current trial setting of September 16, 2024, so that she could adequately prepare for trial.  Doc. 162.  Defendant did not raise his potential hiring of co-counsel to this Court until August 14, 2024, nearly a month before trial.  Doc. 226.  Nor did Defendant convey this possibility to the Court in the continuance requests he filed on April 22, 2024, and July 29, 2024.  Docs. 158, 192.  To date, Mr. Meyers has yet to enter an appearance in this case with this Court.  At the hearing held on August 19, 2024, defense counsel stated that Mr. Pena has been in contact with Mr. Meyers since his case was pending in state court and has been retaining Mr. Meyers on an hourly basis.  However, Mr. Pena's motion is predicated on the notion that a four-month continuance should be granted because he may retain Mr. Meyers on a permanent basis at a later date.  Defendant's case has been before this Court since May 24, 2023; Mr. Pena has had the opportunity to seek Mr. Meyers' representation since then yet failed to do so.  Defendant now requests a four-month continuance because he may permanently retain co-counsel at a future date with less than a month until trial.  This Court finds Mr. Pena's request lacks diligence.

Next, this Court finds that if granted, Defendant's continuance would not accomplish its stated purpose.  Mr. Pena contends that he needs at least an additional four months to retain Mr.

3

Joel Meyers as co-counsel and allow him sufficient time to prepare for trial and resolve scheduling conflicts. Doc. 226 at 4. However, this Court finds that a continuance, if granted, would not resolve these issues. At the August 19, 2024, hearing on Defendant's motion, defense counsel stated to this Court that Mr. Pena has been retaining Mr. Joel Meyers on an hourly basis. However, to date, Mr. Meyers has not entered an appearance to this Court. Defendant asks this Court for a four-month continuance because he may permanently retain co-counsel that he has been hiring on an hourly basis. Given this and Defendant's failure to retain co-counsel since his indictment, it is not clear to this Court that granting Defendant's motion would accomplish its stated purpose. Accordingly, this Court finds this factor weighs against Mr. Pena. *Cervantes*, 4 F.4th at 1094.

The third factor, the inconvenience to the Government, the Court, and witnesses, also weighs against Defendant. *Id*. "[A]ny continuance granted practically on the eve of trial inevitably will disrupt the schedules of the court, the opposing party, and the witnesses who have been subpoenaed or who have voluntarily arranged their schedules to attend the trial." *Rivera*, 900 F.2d at 1475. According to the United States, several witnesses in this case are in custody and have cooperated with the Government. Doc. 230 at 6. Because the informants in this case are in custody and have already been disclosed, these witnesses face further and continued danger if Defendant's trial is continued by another four to five months. The potential danger to the informants in this case is further aggravated if Defendant's continuance is granted given Mr. Pena faces three counts of solicitation to commit a crime of violence, in violation of 18 U.S.C. § 373, against witnesses. Doc. 146. Continuing this two-week trial by four or five months would also result in inconveniences both to this Court and the United States. Accordingly, this Court finds the third factor weighs against Defendant.

Lastly, this Court finds the fourth factor, the need for the continuance and any resulting harm, weighs against Defendant. *Cervantes*, 4 F.4th at 1094-95. This Court finds Mr. Pena would

4

not be materially prejudiced through the denial of his motion. Defendant was indicted on May 24, 2023 – more than a year ago. Doc. 32. Defense counsel has represented him since at least June 1, 2023. Doc. 48. This Court accommodated defense counsel's request to continue the June 10, 2024, trial setting by over three months to the current trial setting of September 16, 2024, so that she could adequately prepare for trial in light of the superseding indictment. Doc. 162. Defense counsel stated that Mr. Pena had been in contact with Mr. Meyers since his case was before a state court and has retained him only on an hourly basis. Mr. Pena has had ample time since his indictment to retain co-counsel, yet to date, has not. Nor has Defendant established or argued that Mr. Meyers' assistance is necessary in this case or that he would face ineffective assistance of counsel without Mr. Meyers' assistance. Defendant has had adequate time to prepare for trial. On the eve of trial, a continuance of four months because of Mr. Meyers' trial schedule, an unretained attorney who has not entered an appearance before this Court, is not warranted. Therefore, the Court does not find Mr. Pena would be materially prejudiced through the denial of his continuance request. *West*, 828 F.2d at 1469.

Accordingly, this Court finds under *Cervantes*, denial of Defendant's motion is warranted. Mr. Pena has been afforded a fair opportunity to secure and retain the counsel of his choice, and this Court has not interfered with Mr. Pena's right to do so. *Mendoza-Salgado*, 964 F.2d at 1014. Mr. Pena has had ample opportunity since his case was in state court to retain Mr. Joel Meyers as permanent co-counsel, yet, according to defense counsel, has retained him only on an hourly basis. Therefore, in light of the *Cervantes* factors, this Court finds that a continuance of four months because of the possibility of a future co-counsel, is not warranted.

Alternatively, this Court finds in considering the *Toombs* factors and with the current trial setting, Defendant will not be deprived of his due process rights; a failure to grant a continuance

would not result in a miscarriage of justice or make a continuation of the proceeding impossible. *Toombs*, 574 F.3d at 1268-69. "The Speedy Trial Act is designed to protect a criminal defendant's constitutional right to a speedy trial and serve the public interest in brining prompt criminal proceedings." *United States v. Thompson*, 524 F.3d 1126, 1131 (10th Cir. 2008). "The ends-of-justice exception to the otherwise precise requirements of the [Speedy Trial] Act was meant to be a rarely used tool for those cases demanding more flexible treatment." *Toombs*, 574 F.3d at 1269 citing, *United States v. Doran,* 882 F.2d 1511, 1515 (10th Cir.1989). Defense counsel does not argue nor does this Court find that this case is so unusual or complex that adequate preparation for pretrial proceedings would be unreasonable. *Id*. Nor would failure to grant a continuance deny Defendant reasonable time to effectively prepare for trial when considering due diligence. *Id*.[2] Defendant was indicted on May 24, 2023 – more than a year ago. Doc. 32. Defense counsel has represented him since at least June 1, 2023. Doc. 48. Furthermore, this Court accommodated defense counsel's request to continue the June 10, 2024, trial setting by over three months to the current trial setting of September 16, 2024, so that she could adequately prepare for trial. Doc. 162. Accordingly, this Court finds the current trial setting of September 16, 2024, is reasonable for adequate preparation for trial.

      Defense counsel has separately raised the complexity of his case, its publicity, and the upcoming November elections, as reasons for a continuance. Doc. 226 at ¶¶ 14, 16-17. The United States argues, and this Court agrees, that this case has become simpler since Mr. Pena's co-Defendants pled guilty. Furthermore, this Court previously accommodated defense counsel's request for a continuance in April 2024 because of complexity and the superseding indictment. Doc. 162. Defendant's arguments that the complexity of this case or its publicity and the upcoming

---

[2] The parties do not argue nor does this Court find the third *Toombs* factor is applicable. *Toombs*, 574 F.3d at 1268-69. Therefore, this Court does not address it.

elections warrant a continuance are "conclusory statement[s] lacking in detail", and, therefore, insufficient grounds for a continuance under *Toombs*. 574 F.3d at 1271. This Court has not found nor does Defendant offer case law that pre-trial publicity and upcoming elections warrant a continuance. Nor does this Court find that in this case, the "pretrial publicity is so pervasive and prejudicial that we cannot expect to find an unbiased jury pool in the community." *Goss v. Nelson*, 439 F.3d 621, 628 (10th Cir. 2006). Therefore, this Court rejects Defendant's arguments.

**IT IS THEREFORE ORDERED** that Defendant's Third Motion to Continue Trial and Deadlines (Doc. 226) is **DENIED**. Trial will commence on **September 16, 2024**, at **9:00 A.M**. Call of the Calendar will be held on **September 9, 2024**, at **9:00 A.M**.

                                                 /S/_____
                                                 KEA W. RIGGS
                                                 UNITED STATES DISTRICT JUDGE