IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                         1:23-cr-00748-KWR

SOLOMON PEÑA,

    Defendant.

**ORDER GRANTING REQUEST FOR WITHDRAWAL OF COUNSEL AND REQUEST FOR CONTINUANCE**

THIS MATTER comes before the Court *sua sponte*. The morning of trial, defense counsel[1] informed the Court that she could not continue in the matter and requested permission to withdraw as counsel. Defendant similarly requested new counsel. Because the Court was required to inquire into the attorney-client relationship, the Court held a sealed hearing the morning of September 23, 2024, excluding counsel for the United States, to inquire into the nature of issue. Following the hearing, the Court granted Ms. Honce's request to withdraw and granted a continuance of trial.

The particular facts justifying withdrawal of counsel and a continuance are sealed and not available for the United States or the public to view because they go into the attorney-client relationship. The Court will enter a sealed version of this order setting out these facts to aid in any appellate review.

**I.   The Court grants defense counsel's request to withdraw.**

Defense counsel requested to withdraw from this case. For the reasons explained at the hearing and below, the Court grants the motion.

---

[1] Defense counsel was retained and not appointed by the Court.

"To warrant a substitution of counsel, the defendant must show good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict." *United States v. Lott,* 310 F.3d 1231, 1249 (10th Cir.2002) (internal quotation marks omitted). "[M]ere strategic disagreement between a defendant and his attorney" is not enough to show good cause; "rather, there must be a total breakdown in communications." *Id.* When presented with a motion to substitute counsel, "[t]he district court is under a duty to make formal inquiry into the defendant's reasons for dissatisfaction with present counsel." *United States v. Anderson,* 189 F.3d 1201, 1210 (10th Cir.1999) (internal quotation marks omitted).

In addition to making an adequate inquiry into the Defendant's reasons for dissatisfaction with counsel, the Court should consider (1) the timing of the motion, (2) "whether the defendant-attorney conflict was so great that it led to a total lack of communication precluding an adequate defense," and (3) "whether the defendant substantially and unreasonably contributed to the communication breakdown." *Lott,* 310 F.3d at 1250, *quoted in United States v. Dunbar*, 718 F.3d 1268, 1276–77 (10th Cir. 2013).

"Good cause for substitution of counsel consists of more than a mere strategic disagreement between a defendant and his attorney ... rather there must be a total breakdown in communications." *United States v. Lott,* 310 F.3d 1231, 1249 (10th Cir.2002) (citations omitted). "[T]o prove a total breakdown in communication, a defendant must put forth evidence of a severe and pervasive conflict with his attorney or evidence that he had such minimal contact with the attorney that meaningful communication was not possible." *Id.*; *cited in United States v. Porter*, 405 F.3d 1136, 1140 (10th Cir. 2005).

<u>First Factor (timing of motion)</u>. Defendant raised this motion on the morning of trial. Some facts suggest that Defendant or his counsel should have been aware of the issue prior to the morning of trial. Nevertheless, the issue appears to have arisen over the weekend. Therefore, the Court concludes that the timing of the motion does not preclude granting it under these circumstances.

<u>Second Factor (good cause for withdrawal)</u>. Defendant and defense counsel have shown good cause for Ms. Honce's withdrawal as counsel, as explained in detailed in the sealed version of this order.

<u>Third Factor</u> (whether defendant substantially or unreasonably contributed to the breakdown): The Court finds this factor does not preclude appointing new counsel. Based on the record before the Court, Defendant did not unreasonably contribute to this breakdown, and it does not appear this motion was made for other strategic reasons.

Reviewing all relevant factors, the Court finds that there is good cause for counsel to withdraw.

## II.     The Court will grant Defendant's motion to continue trial.

Defendant also requests a trial continuance. Because the Court grants his request for new counsel, the Court finds a continuance is necessary.

In deciding whether to grant or deny a continuance, the Court should consider four factors:

    1. "[T]he diligence of the party requesting the continuance,"
    2. "[t]he likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance,"
    3. "[t]he inconvenience to the opposing party, its witnesses, and the court resulting from the continuance," and
    4. "[t]he need asserted for the continuance and the harm that appellant might suffer as a result of the district court's denial of the continuance."

*United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990) (en banc) (quoting *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987)). The fourth factor is the most important. *United States v. McClaflin*, 939 F.3d 1113, 1117 (10th Cir. 2019), *cited in United States v. Herrera*, 51 F.4th 1226, 1275–76 (10th Cir. 2022), *cert. denied,* 143 S. Ct. 2636, 216 L. Ed. 2d 1224 (2023).

First, the Court questions whether the request for a continuance was diligent. It was made the morning of trial.  Nevertheless, defense counsel testifies she learned of the issue the weekend before trial. Therefore, the Court finds that defense counsel's motion is timely.

Second, because the Court granted the request for new counsel, a continuance would serve the purpose of allowing new counsel to adequately prepare for the case.

Third, the continuance will greatly inconvenience the Government, its witnesses, and the Court.

> Of course, any continuance granted practically on the eve of trial inevitably will disrupt the schedules of the court, the opposing party, and the witnesses who have been subpoenaed or who have voluntarily arranged their schedules to attend the trial. When, as here, a jury trial is involved, there is additional potential inconvenience to jurors and to the court.

*United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990) (en banc) (footnote omitted). However, such inconvenience under the circumstances does not prohibit a continuance.

Fourth, Defendant would be greatly harmed and prejudiced if the continuance were denied. As explained above, Defendant showed good cause for new counsel.  Defendant would be greatly harmed and prejudiced if he were forced to proceed without counsel.

Therefore, for the reasons stated above and based on the record created at the hearing, the Court finds that a continuance is appropriate. Moreover, an ends of justice continuance is appropriate as denying a continuance would deny the defendant "reasonable time to obtain counsel" or would unreasonably deny Defendant "the reasonable time necessary for effective preparation," 18 U.S.C. § 3161(h)(7)(B)(iv).  The Court will reset trial by a separate order.

**IT IS SO ORDERED.**

                                                        /S/
                                          KEA W. RIGGS
                                          UNITED STATES DISTRICT JUDGE