IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                 No. 23-CR-0748-KWR-1

SOLOMON PEÑA,

        Defendant.

## DEFENDANT'S MOTION TO COMPEL PRODUCTION OF CO-CONSPIRATOR STATEMENTS INTENDED TO BE ELICITED AT TRIAL

Defendant Solomon Peña moves the Court, pursuant to Rule 104(a) of the Federal Rules of Evidence and to the Court's invitation to file a "motion for production of alleged co-conspirator statements," Scheduling Order at 1 (Dkt. No. 289) (filed Oct. 24, 2024), to compel the Government to produce and designate *all* out-of-court statements made by co-conspirators that it intends to elicit at trial, regardless whether the basis for admissibility[1] is Rule 801(d)(2)(E) or some other rule. The defense is basically asking for a *James* disclosure that mirrors the one recently ordered by Chief Judge Johnson in another case in this district:

> The Government should file a disclosure with all co-conspirator statements it intends to elicit at trial, whether under FRE 801(d)(2)(B)-(E) or by way of a putative non-hearsay use (*i.e.*, not for the truth of the matter asserted) or hearsay exception. The disclosure should contain **(a)** the statement to be elicited; **(b)** the identity of the declarant and the time the statement was made; and **(c)** an explanation of the conspiracy involved, how the statement furthers the conspiracy, and/or the statement's non-hearsay use or foundation for the relevant exception. No response to the disclosure is necessary.

---

[1] Meaning admissibility *as* an out-of-court statement under Article VIII of the Federal Rules of Evidence and the Confrontation Clause. The defense does not suggest that this is the time to be adjudicating, *e.g.*, a statement's Rule 404(b) compliance.

*United States v. Rockmen*, No. 23-CR-1774-WJ-2, Notice of Agreed Scheduling Order at 1-2 (Dkt. No. 58) (D.N.M. Nov. 1, 2024) (Johnson, C.J.) (adopted by the Court at Dkt. No. 59); *see also id.* (requesting that the Court set "a *James* hearing, if and only if the Government makes a *James* disclosure"); *United States v. Martinez*, No. 19-CR-3725-JB, United States' Notice of Proposed *James* Statements (Dkt. No. 133) (D.N.M. Feb. 12, 2021) (disclosing co-conspirator statements and arguing admissibility under all potential grounds, not just Rule 801(d)(2)(E)).

The Government opposes a disclosure of this breadth, taking the position that it only has to disclose statements as to which it intends to rely on Rule 801(d)(2)(E), specifically.[2] To that end, it has stated that it is aware of out-of-court statements by co-conspirators that it intends to elicit at trial, but that it does not intend to rely on Rule 801(d)(2)(E) as a basis for admission (the suggestion was that the statements would be offered for a non-assertive use, not that they would fall into other Rule 801(d)(2)(B)-(D) exclusions or into an exception under Rules 803 or 804).

To first concede the obvious, the Court does not *have* to order the scope of disclosure requested by the defense; for that matter, courts are not always *required* to hold a *James* hearing at all — it is just the well-established preferred procedure for satisfying the Rule 104(a) foundation for a class of statements whose erroneous admission would taint the trial with very-often-reversal-worthy prejudice. *See, e.g., United States v. Parfaite*, 2022 WL 842599, at *12 (M.D. Pa. Mar. 21, 2022) (noting that, although the appellate courts have "cautioned that the procedure of conditionally admitting conspiracy evidence [without a *James* hearing] should be carefully considered and sparingly utilized by the district courts[, ] a *James* hearing[] is not 'mandatory'"

---

[2] The Rule 801(d)(2) 'exclusions' from the definition of hearsay are that "[t]he statement is offered against an opposing party and: **(A)** was made by the party in an individual or representative capacity; **(B)** is one the party manifested that it adopted or believed to be true; **(C)** was made by a person whom the party authorized to make a statement on the subject; **(D)** was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or **(E)** was made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2).

(cleaned up)); *United States v. Blechman*, 782 F. Supp. 2d 1238, 1261 (D. Kan. 2011) ("If it does not hold a *James* hearing, the district court must make, at least, preliminary factual findings on the record regarding the admissibility of the statements."). Where courts deviate from the normal *James* procedure, it is almost always because a "pretrial hearing would be lengthy and would entail calling and recalling officers and witnesses in an elaborate and repetitive procedure." *Blechman*, 782 F. Supp. 2d at 1260.

Here, the defense's argument is that the scope of pretrial disclosure requested is *desirable*, not that it is required, and the basis for this argument is that **(1)** it is the nature of the statements — *i.e.*, the fact that they *are* co-conspirator statements — that makes them so prejudicial if wrongly admitted, and not the legal basis for their admission (which the jury does not know about and would not care if it did), and this potential prejudice is the whole reason that the *James* court held that this particular Rule 104(a) determination should usually be made pretrial, *see United States v. James*, 590 F.2d 575, 579 (5th Cir. 1979) ("The admissibility of a coconspirator's declarations in a conspiracy trial, however, does pose problems precisely because they are relevant. Such evidence endangers the integrity of the trial because the relevancy and apparent probative value of the statements may be so highly prejudicial as to color other evidence even in the mind of a conscientious juror . . . ."); and **(2)** there are still, obviously, Rule 104(a) evidentiary foundations that have to be laid by the Government to introduce the statements under non-801(d)(2)(E) grounds — they are just different (and sometimes only slightly different)[3] from those required under Rule 801(d)(2)(E).

---

[3] The defense particularly thinks that disclosure of any statements the Government intends to introduce under Rule 801(d)(2)(B)-(D) is appropriate, as the danger that these grounds are being used just to circumvent disclosure under Rule 801(d)(2)(E) is high. For example, if the Government argues that a co-conspirator's statement was "was made by the [defendant's] agent or employee on a matter within the scope of that relationship and while it existed," Fed. R. Evid. 801(d)(2)(D), or that a co-conspirator was someone the defendant "authorized to make a statement on the subject," *id.* 801(d)(2)(C), should those

In addition to the earlier-quoted order issued by Chief Judge Johnson, it appears that, when courts hold *James* hearings in this district, they nearly always go ahead and adjudicate the admissibility of the statements in question under all potentially applicable hearsay and Confrontation Clause analyses, and not just Rule 801(d)(2)(E) itself — the goal being to give the parties an up-or-down decision on admissibility, which is much more useful than adjudicating a single potential ground for admission and leaving the parties uncertain about whether the statement can be used at trial. *See*, *e.g.*, *United States v. Baca*, 409 F. Supp. 3d 1041 (D.N.M. May 30, 2019) (Browning, J.); *United States v. DeLeon*, 418 F. Supp. 3d 682 (D.N.M. May 13, 2019) (Browning, J.); *United States v. Woods*, 2021 WL 1687062 (D.N.M. Apr. 29, 2021) (Johnson, C.J.).

Finally, there is a middle-ground option here: requiring disclosure of all co-conspirator statements, as the defense requests, but not necessarily granting a hearing on them — instead requiring the defense to file a motion challenging the admissibility of each statement it wants excluded, and either **(a)** ruling on the papers on each statement's admissibility; **(b)** holding a hearing, or **(c)** declining to rule for the time being, and perhaps indicating to the parties what evidence it would likely look for to establish a foundation for the statement's admission.

---

statements not *really* be admitted under Rule 801(d)(2)(E)? Certainly they should be disclosed as such, even if the Government wants to make parallel (and likely enormously overlapping) arguments for admission under the different Rule 801(d)(2) subdivisions.

                                      Respectfully submitted,

                                      HARRISON & HART, LLC

By: _____
                                      Carter B. Harrison IV
                                      Nicholas T. Hart
924 Park Avenue SW, Suite E
Albuquerque, NM 87102
Tel:  (505) 295-3261
Fax:  (505) 341-9340
Email:  carter@harrisonhartlaw.com

*Counsel for Defendant Solomon Peña*

**This Filing Has No Exhibits**

## CERTIFICATE OF SERVICE

     I hereby certify that on this 12th day of November 2024, I filed the foregoing Motion electronically via the Court's CM/ECF filing system, causing a copy of it to be served on all counsel of record.

                                      HARRISON & HART, LLC

                                      By:  */s/ Carter B. Harrison IV*
                                                Carter B. Harrison IV