IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

   Plaintiff,

      vs.                                        Case No. 1:23-cr-00748 KWR

SOLOMON PEÑA,

   Defendant.

## ORDER GRANTING MOTION TO COMPEL JAMES DISCLOSURE

THIS MATTER is before the Court upon Defendant's Motion to Compel Production of Co-Conspirator Statements Intended to be Elicited at Trial (Doc. 291). Defendant requests that the Court order the Government to disclose all co-conspirator statements it intends to elicit at trial, whether under FRE 801(d)(2)(B)-(E), by way of putative nonhearsay use, or by hearsay exception. The Court finds Defendant's motion is well taken and is therefore **GRANTED**.

The Government shall file a disclosure within **fourteen (14) days** of the entry of this order with all co-conspirator statements it intends to elicit at trial, whether under FRE 801(d)(2)(B)-(E), by way of a putative non-hearsay use (*i.e.*, not for the truth of the matter asserted), or by hearsay exception. The disclosure should contain **(a)** the statement to be elicited; **(b)** the identity of the declarant and the time the statement was made; and **(c)** an explanation of the conspiracy involved, how the statement furthers the conspiracy, and/or the statement's non-hearsay use or foundation for the relevant exception. In other words, the Government must explain in its disclosure how each statement is admissible under a relevant FRE 801 provision, putative non-hearsay use, or hearsay exception.

As to co-conspirator statements the Government intends to seek admission under FRE 801(d)(2)(E), the Government must provide: (a) the identity of the co-conspirator who made the alleged statement; (b) the identity of the person or persons to whom the co-conspirator statement was made; (c) the conspirator statement itself; (d) when the statement was made; and (e) how the statement is in the course of and in furtherance of the alleged conspiracy.

Defendant must file specific objections to the disclosure within **fourteen (14) days** of the filing of the disclosure, addressing each statement, explaining whether he objects to the admission of that statement, and explaining why the specific statement is inadmissible. The Government may file an optional reply brief. The Court will hold a hearing on the statements to which Defendant objects, which has already been scheduled for December 18, 2024. *See* Doc. 289 at 1.

At the *James* hearing scheduled for December 18, 2024, the Government will have the burden to prove admissibility of the statements objected to under FRE 801(d)(2)(E) or some other relevant provision. For example, to admit a co-conspirator statement under FRE 801(d)(2)(E), the United States bears the burden of proving by a preponderance of the evidence that: (1) a conspiracy existed; (2) the declarant and the defendant were both members of the conspiracy; and (3) the statements were made in the course of and in furtherance of the conspiracy. *See James*, 590 F.2d at 575; *United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1242 (10th Cir. 1996). Although holding a *James* hearing is within the discretion of the Court, the Court notes that the Tenth Circuit has a "strong preference for *James* proceedings." *United States v. Townley*, 472 F.3d 1267, 1273 (10th Cir. 2007). Given the complexity of this case, the Court prefers to rule on the admissibility of each statement in dispute before trial.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Production of Co-Conspirator Statements Intended to be Elicited at Trial (Doc. 291) is **GRANTED**.  The parties shall follow the relevant deadlines identified above.

          /S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE