IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.	23-CR-00748-KWR

SOLOMON PENA,

        Defendant.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SEVER.**

THIS MATTER comes before the Court upon Defendant Solomon Pena's motion to sever Counts 1–10 and Counts 11–13 included in the superseding indictment. Doc. 290. Having reviewed the parties' briefs and applicable law, the Court finds that Defendant's motion is not well taken, and therefore, is **DENIED**.

## BACKGROUND

On May 24, 2023, Defendant Solomon Pena was indicted on numerous charges including: conspiracy, in violation of 18 USC § 371 (Count 1); interference with federally protected activities, in violation of 18 USC § 245(b)(1)(A); aiding and abetting, in violation of 18 USC § 2 (Counts 2–5); using and carrying a firearm during and in relation to a crime of violence, and discharging said firearm, in violation of 18 USC § 924(c)(1)(A)(iii); aiding and abetting, in violation of 18 USC § 2 (Counts 6–8); using and carrying a machinegun during and in relation to a crime of violence, and discharging said firearm, in violation of 18 USC §§ 924(c)(1)(A)(iii) and (B)(ii); and aiding and abetting, in violation of 18 USC § 2 (Count 9). Docs. 33 (redacted indictment), 147 (redacted superseding indictment).

On March 26, 2024, in a superseding indictment, Defendant was further charged with felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (Count 10); and solicitation to commit a crime of violence, in violation of 18 U.S.C. § 373 (Counts 11–13). Doc. 147.

The events underlying Counts 1–10 occurred between November 12, 2022, and January 3, 2023. Doc. 147. The superseding indictment alleges that, after being indicted in May 2023 and between June 7, 2023, and September 22, 2023, Defendant solicited two individuals ("Individuals 1 and 2") with the intent that they kill and attempt to kill a witness to prevent that witness's attendance and testimony at his trial. Doc. 147 at 12.

On November 3, 2023, Defendant filed a motion to sever Counts 1–10 and 11–13. Doc. 290. Defendant argues that the superseding indictment did not properly join the charges under Federal Rule of Criminal Procedure 8, and that even if joinder were proper, joinder is prejudicial and must be severed under Federal Rule of Criminal Procedure 14. Doc. 290 at 1.

## DISCUSSION

### I. Legal Standard

Federal Rules of Criminal Procedure 8(a) and 14 govern the joinder of offenses in a criminal trial. Rule 8(a) permits joinder of offenses in a single trial "if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Courts "construe Rule 8 broadly to allow liberal joinder to enhance the efficiency of the judicial system." *United States v. Johnson*, 130 F.3d 1420, 1427 (10th Cir. 1997) (citation omitted).

If two or more offenses are properly joined under Rule 8(a), the joinder is scrutinized under Rule 14, which provides, "[i]f the joinder of offenses or defendants in an indictment, an

2

information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a); *see also United States v. Thomas*, 849 F.3d 906, 911 (10th Cir. 2017). "[O]nce the Rule 8 requirements [are] met . . . , severance thereafter is controlled entirely by [Rule 14] . . . ." *United States v. Lane*, 474 U.S. 438, 447 (1986)

"To prevail on a motion to sever, a defendant must demonstrate that the joinder would cause actual prejudice to his defense that outweighs the expense and inconvenience of separate trials." *Thomas*, 849 F.3d at 911–12 (citing *United States v. Hutchinson*, 573 F.3d 1011, 1025 (10th Cir. 2009)). This requires a showing that "the right to a fair trial is threatened or actually impaired." *Thomas*, 849 F.3d at 912 (citation omitted); *see also Zafiro v. United States*, 506 U.S. 534, 539 (1993) ("[A] district court should grant severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right, . . . or prevent the jury from making a reliable judgment about guilt or innocence."). "Neither a mere allegation that defendant would have a better chance of acquittal in a separate trial . . . nor a complaint of the 'spillover effect' from the evidence . . . is sufficient to warrant severance." *United States v. Hack*, 782 F.2d 862, 870 (10th Cir. 1986) (citations omitted). "[T]he Supreme Court 'has long recognized that joint trials conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial." *United States v. Jones*, 530 F.3d 1292, 1298 (10th Cir. 2008) (citing *Lane*, 474 U.S. at 449). "The decision to grant severance and order separate trials is within the sound discretion of the trial court." *Jones*, 530 F.3d at 1300 (citing *United States v. Pursley*, 474 F.3d 757, 767 n.7 (10th Cir. 2007)).

II.   Analysis

The Court finds that the superseding indictment properly joined Counts 1–10 and Counts 11–13 under Federal Rule of Criminal Procedure 8(a). The Court further finds that joinder is not unduly prejudicial, and that severance is unnecessary to ensure Defendant receives a fair trial. Fed. R. Crim. P. 14. Accordingly, the Court denies Defendant's motion to sever.

A.  Counts 1–10 and 11–13 are properly joined under Federal Rule of Criminal Procedure 8(a).

The superseding indictment properly joined Counts 1–10 (election interference charges) and 11–13 (witness tampering charges) under Federal Rule of Criminal Procedure 8(a). Defendant argues that Counts 11–13 are insufficiently related to the acts comprising Counts 1–10 because the acts occurred in different locations, involved different victims and modes of operation, and the charges arise under different federal statutes. Doc. 290 at 12. Notwithstanding these claims, the Court finds that the "offenses charged . . . are of the same or similar character, . . . or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a).

The election interference charges and charges pertaining to Defendant soliciting others to commit violent crimes against testifying witnesses "are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Counts 11–13 allege that Defendant solicited two individuals to kill and attempt to kill a witness with the intent to prevent that witness from testifying to Counts 1–10. Doc. 147 at 12. This later criminal conduct was simply an attempt to get away with earlier criminal conduct; without the earlier conduct, Defendant would have no occasion to threaten the victim-witness. This is a sufficient nexus to permit joinder. *See United States v. Walker*, 104 F.3d 368, 1996 WL 731631, at *4–5 (10th Cir. 1996) (unpublished) ("Counts II, III, and IV alleged that [the defendant] planned a violent crime to eliminate evidence relating to Count I. [This] is a sufficient nexus to permit joinder under [Rule 8]."); *United States v.*

4

*Foreman*, 87 F. App'x 107, 109 (10th Cir. 2004) (unpublished) ("[T]he indictment properly joined the robbery charges with the obstruction charges . . . because both set of charges arose from Defendant's pursuit of a common unlawful activity."). Other circuits agree that witness tampering charges are properly joined with the underlying substantive offenses a defendant sought to obstruct. *See, e.g., United States v. Colhoff*, 833 F.3d 980, 983 (8th Cir. 2016) ("Joinder of a tampering or obstruction charge with an underlying substantive offense is proper, because the former is 'connected to, and interrelated with' the latter." (citation omitted)); *United States v. Stackpole*, 811 F.2d 689, 693–94 (1st Cir. 1987); *United States v. Lingala*, 91 F.4th 685, 693 (3d Cir. 2024); *United States v. Davis*, 752 F.2d 963, 972 (5th Cir. 1985) ("[T]he coverup attempts bear a logical relationship to the underlying fraud crimes."); *United States v. Davis*, 724 F.3d 949, 955–56 (7th Cir. 2013).

Joinder is further justified because both set of charges involve common witnesses and overlapping evidence. *See United States v. Esch*, 832 F.2d 531, 537–38 (10th Cir. 1987) ("Where the evidence overlaps, . . . joinder of defendants and offenses is proper." (citing *United States v. Riebold*, 557 F.2d 697, 707–08 (10th Cir. 1977))); *United States v. Garcia*, 74 F.4th 1073, 1110 (10th Cir. 2023) ("Joint trials . . . lighten the burden on victims and witnesses, increase efficiency, and conserve scarce judicial resources." (citation and internal quotations omitted)). Here, the government asserts that the testimony from Individuals 1 and 2 is relevant and probative to Counts 1–10, and that evidence from Counts 1–10 supports Counts 11–13. Doc. 295 at 7–8.[1] Requiring

---

[1] Defendant argues that, even if one trial is conducted, the testimony from Individuals 1 and 2 would be inadmissible under Federal Rule of Evidence 403 because it is unduly prejudicial. Doc. 290 at 9. Defendant makes other arguments against the admissibility of testimony throughout the motion. While noting that all relevant evidence is presumably admissible, Fed. R. Evid. 402, the Court refrains from making any dispositive evidentiary rulings on this motion.

5

witnesses to be present and provide overlapping testimony in two separate trials is precisely the inefficiency the joinder rule avoids.

Finally, while Defendant's mode of operating differed between sets of charges, each set "are of the same or similar character" because both involve attempts to disrupt federally protected, official proceedings. Fed. R. Crim. P. 8(a); *see also United States v. Coleman*, 22 F.3d 126, 133 (7th Cir. 1994) ("[I]f offenses are of like class, although not connected temporally or evidentially, the requisites of proper joinder should be satisfied [under Rule 8]."). The alleged acts associated with Counts 1–10 aimed to harm and intimidate election officials to stop them from carrying out their official duties. Doc. 147 at 1–10; 18 U.S.C. § 245. Likewise, the acts underlying Counts 11–13 aimed to harm and intimidate witnesses to an official judicial proceeding to stop them from testifying at trial. Doc. 147 at 12; 18 U.S.C. § 1512. In short, offenses charged within each set of counts are designed to punish those whose aim is to obstruct government processes.

B. <u>Severance under Federal Rule of Criminal Procedure 14 is not justified</u>.

A joint trial neither threatens nor actually impairs Defendant's right to a fair trial, and to the extent prejudice exists, it is outweighed by the expense and inconvenience of separate trials and can be cured by a limiting instruction to the jury. *See Thomas*, 849 F.3d at 912; *United States v. Caldwell*, 560 F.3d 1202, 1213 (10th Cir. 2009). Defendant principally argues that the jury would be unduly prejudiced as to Counts 1–10 if Individuals 1 and 2 testify to the alleged murder-for-hire plot underlying Counts 11–13. Doc. 295 at 12–13. He argues that this acutely threatens his fair trial rights because the testimony involves not only evidence of criminal acts, but of an attempt to murder a witness. Doc. 290 at 10. This, in Defendant's view, will cause the jury to presume his guilt. Doc. 290 at 9–11. While holding separate trials may afford a better chance of acquittal, such prejudice does not justify severance. *See Thomas*, 849 F.3d at 911–12.

6

Defendant overstates the degree of prejudice a joint trial adds. Even if the Court were to sever the counts, the testimony from Individuals 1 and 2 are likely admissible in the trial for Counts 1–10 as evidence of a guilty conscience under Federal Rule of Evidence 404(b), and evidence underlying Counts 11–13 would likely be admissible to show Defendant's motive for engaging in witness tampering. *See United States v. Smith*, 629 F.2d 650, 651 (10th Cir. 1980) ("Evidence of threats to a prosecution witness is admissible as showing consciousness of guilt if a direct connection is established between the defendant and the threat . . . ."); *United States v. Esparsen*, 930 F.2d 1461, 1476 n.16 (10th Cir. 1991). And severance "is not the equivalent of a ruling granting a motion in limine to exclude specified evidence from the trial." *See United States v. Abdelhaq*, 246 F.3d 990, 993 (7th Cir. 2001). In short, it is not clear how the prejudice presented by a joint trial would be significantly reduced by maintaining separate trials. *See United States v. Hollis*, 971 F.2d 1441, 1457 (10th Cir. 1992); *Lane*, 474 U.S. at 450 (finding misjoinder harmless in part because "the same evidence on Count 1 would likely have been admissible on joint retrial of [the remaining counts] under [404(b))]"); *United States v. Burkley*, 513 F.3d 1183, 1188 (10th Cir. 2008) (explaining that because evidence in one trial was admissible in the other, "severance would not have eliminated the complained-of prejudice and would have wasted judicial resources"); *United States v. Walker*, 104 F.3d at *5.

The Court also finds prejudice lacking because "the relationship of the charges [grows] out of the defendant's own conduct." *Olsen*, 519 F.3d at 1103 (citing *United States v. Valentine*, 706 F.3d 282, 290 (10th Cir. 1983); *see also United States v. Jones*, 213 F.3d 1253, 1260–61 (10th Cir. 2000). Because the witness tampering charges originated from Defendant's conduct when he allegedly solicited others to harm witnesses, Doc. 147 at 12, there is no unfairness in trying the counts together. *See Valentine*, 706 F.3d at 290.

7

To the extent prejudice unique to a joint trial exists, it is outweighed by the expense and inconvenience of maintaining separate trials. *See Thomas*, 849 F.3d at 911–12. Individuals 1 and 2 would have to testify to the same facts in separate trials. *See United States v. Olsen*, 519 F.3d 1096, 1103 (10th Cir. 2008); *Burkley*, 513 F.3d at 1188. The Court would also be required to impanel two juries, which in a case of this nature calls for summoning around 100 members of the public for each trial. Such processes would necessarily cause the Court to expend considerable time and resources. *See Olsen*, 519 F.3d at 1103–04.

Any prejudice remaining in this case can be cured by issuing limiting instructions to the jury. *See Zafiro*, 506 U.S. at 539. Before severing a case into separate trials, "[t]he judge should consider other remedial measures that will minimize the apparent prejudice to the defendants." *Lane*, 883 F.2d at 1498. Both the Supreme Court and Tenth Circuit have explained that a well-crafted limiting instruction is a sufficient remedial measure. *See Zafiro*, 506 U.S. at 539 ("[L]imiting instructions . . . often will suffice to cure any risk of prejudice."); *Olsen*, 519 F.3d at 1103; *Caldwell*, 560 F.3d at 1213 ("We presume that the jury obey[s] [jury] instructions."); *Hutchinson*, 573 F.3d at 1026 ("[L]imiting instructions are 'ordinarily sufficient to cure potential prejudice.'" (citing *United States v. Hardwell*, 80 F.3d 1471, 1487 (10th Cir. 2009))); *Garcia*, 74 F.4th at 1112–13. For example, the Court can remedy potential prejudice by instructing the jury that "it must consider the guilt or innocence of a defendant as to each count separately" and "that a finding of guilty or not guilty as to a crime . . . must not control your verdict with reference to any other count or offense charged against the defendant." *See Caldwell*, 560 F.3d at 1213. In short, the Court finds that a less drastic measure like limiting instructions is the proper remedy under these circumstances. *See generally Zafiro*, 506 U.S. at 538–39 ("Rule 14 does not require

8

severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion.").

## CONCLUSION

Accordingly, Defendant Solomon Pena's motion to sever Counts 1–10 and Counts 11–13, Doc. 290, is **DENIED**.

**SO ORDERED**.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE