IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.   23-CR-00748-KWR

SOLOMON PENA,

        Defendant.

### ORDER VACATING *JAMES* HEARING AND DIRECTING FURTHER BRIEFING

THIS MATTER comes before the Court on the United States' motion to vacate the *James* hearing scheduled for December 18, 2024, Doc. 301. The Court finds that the motion is well taken, and therefore, is **GRANTED**.

### DISCUSSION

On October 24, 2024, the Court entered a scheduling order setting a *James* hearing for December 18, 2024. Doc. 289. The Court set the hearing preemptively; while the Court was aware that the United States intended to introduce co-conspirator statements, it remained uncertain whether the United States would rely on Federal Rule of Evidence 801(d)(2)(E) for its admission.[1]

Defendant Solomon Pena thereafter moved to compel production of all co-conspirator statements, including those whose admissibility does not rely on Federal Rule of Evidence 801(d)(2)(E). Doc. 291. The Court granted Defendant's motion and required the United States to disclose "all co-conspirator statements it intends to elicit at trial, whether under FRE 801(d)(2)(B)–

---

[1] Federal Rule of Evidence 801(d)(2)(E) states that out-of-court statements "made by the party's coconspirator during and in furtherance of the conspiracy" are not considered hearsay.

(E), by way of a putative non-hearsay use (*i.e.*, not for the truth of the matter asserted), or by hearsay exception." Doc. 292.

The United States responded to the Court's order by disclosing 11 out-of-court statements from co-conspirator declarants whom it does not expect to testify at trial. Doc. 296. The United States made clear, however, that "none of the statements' basis for admissibility is as a statement in furtherance of a conspiracy under Federal Rule of Evidence 801(d)(2)(E)." *Id.* at 1. It continued to briefly explain the basis of admissibility for each statement. *Id.* at 2–6. In response, Defendant stated that it does not object to statements 1, 5, 7, 8, and 11, but that it does object to statements 2, 3, 4, 6, 9, and 10. Doc. 302.

The United States then moved to vacate the *James* hearing, arguing that it is unnecessary because the disclosed statements' admissibility does not rely on the co-conspirator hearsay rule. Doc. 301. In its reply, it again reiterated that "it does not intend to admit any of the eleven out-of-court declarations as statements in furtherance of a conspiracy under Federal Rule of Evidence 801(d)(2)(E)." Doc. 306 at 1. Still, Defendant argues that the *James* hearing should remain because, notwithstanding the United States' arguments to the contrary, the co-conspirator hearsay rule provides the only evidentiary basis for the objected-to statements to be admitted. Doc. 303. He goes on to state that, "[i]f the Court does vacate the *James* hearing, the defense will likely seek to exclude the objected-to statements by way of a motion in limine . . . ." *Id.* at 2.

The Court agrees with the United States that the scheduled *James* hearing is unnecessary and should be vacated. The purpose of a pre-trial *James* hearing is for a court to "determine by a preponderance of the evidence that: (1) a conspiracy existed; (2) the declarant and the defendant were members of the conspiracy; and (3) the hearsay statements were made in the course of and in furtherance of the conspiracy." *United States v. Lopez-Gutierez*, 83 F.3d 1235, 1242 (10th Cir.

2

1996) (citations omitted). This hearing allows courts to not only consider "the hearsay statement sought to be admitted," but also "independent evidence tending to establish the conspiracy." *Id.* Where the objected-to statements are admissible under other hearsay exceptions, or as in this case, where the party admitting the statements does not rely on the co-conspirator exception at all, a *James* hearing loses its utility and becomes unnecessary. *See generally United States v. Gonzalez-Montoya*, 161 F.3d 643, 648 (10th Cir. 1998) (holding that the district court did not err by not holding a *James* hearing because the co-conspirator statements were admissible under other hearsay exceptions).

**Briefing**. The Court treats the United States' *James* disclosure, Doc. 296, as a motion to admit the disclosed statements (1 through 11) into evidence. The Court notes that Defendant only objects to statements 2, 3, 4, 6, 9, and 10. Doc. 302. The Court requires further briefing to determine the admissibility of the objected-to statements.

Accordingly, the Court directs the **United States** to submit a brief no later than **December 20, 2024**. The brief should explain at length why **statements 2, 3, 4, 6, 9, and 10** are admissible under the Federal Rules of Evidence, **excluding** Federal Rule of Evidence 801(d)(2)(E).[2] The United States should identify each level of hearsay contained in these statements. It should also respond to the arguments made in Defendant's objections to the *James* disclosures, Doc. 302. The Court directs **Defendant** to submit a brief in response no later than **December 30, 2024**.

The Court will thereafter issue a binding order and opinion on the admissibility of the objected-to statements (2, 3, 4, 6, 9, and 10), Doc. 296, under the Federal Rules of Evidence.

---

[2] Based on the United States' motion to vacate the *James* hearing and reply, Docs. 301, 306, the Court considers the United States to have **waived** the argument that the objected-to statements are admissible under Rule 801(d)(2)(E).

## CONCLUSION

Accordingly, the United States' motion to vacate the *James* hearing scheduled for December 18, 2024, Doc. 301, is **GRANTED**.

It is **SO ORDERED**.

_____/S/_____
KEA W. RIGGS
United States District Judge