IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                              23-CR-00748-KWR

SOLOMON PENA,

        Defendant.

## OPINION AND ORDER GRANTING UNITED STATES' MOTION TO ADMIT OUT-OF-COURT STATEMENTS LISTED IN ITS *JAMES* DISCLOSURES

THIS MATTER comes before the Court on the United States' motion to admit out-of-court statements listed in its *James* disclosures, Doc. 308. The Court finds that the motion is well taken, and therefore, is **GRANTED**.

### BACKGROUND

On November 13, 2024, Defendant Solomon Pena moved to compel production of all co-conspirator statements. Doc. 291. The Court granted Defendant's motion and required the United States to disclose "all co-conspirator statements it intends to elicit at trial, whether under FRE 801(d)(2)(B)–(E), by way of a putative non-hearsay use (*i.e.*, not for the truth of the matter asserted), or by hearsay exception." Doc. 292.

The United States responded to the Court's order by disclosing 11 out-of-court statements from co-conspirator declarants whom it does not expect to testify at trial. Doc. 296. The United States briefly explained the bases of admissibility for each statement while making clear that "none of the statements' basis for admissibility is as a statement in furtherance of a conspiracy under Federal Rule of Evidence 801(d)(2)(E)." *Id.* at 1–6. In response to the United States' disclosures,

Defendant stated that it does not object to statements 1, 5, 7, 8, and 11, but that it does object to statements 2, 3, 4, 6, 9, and 10. Doc. 302.

The United States then moved to vacate a previously scheduled *James* hearing, arguing that it was unnecessary because the disclosed statements' admissibility does not rely on the co-conspirator hearsay rule. Doc. 301. In its reply, it again reiterated that "it does not intend to admit any of the eleven out-of-court declarations as statements in furtherance of a conspiracy under Federal Rule of Evidence 801(d)(2)(E)." Doc. 306 at 1. The Court granted the United States' motion and vacated the *James* hearing. Doc. 307.

In its Order, the Court continued by explaining that it considered the United States' *James* disclosure, Doc. 296, as a motion to admit the disclosed statements (1 through 11) into evidence. Doc. 307 at 3. It noted that Defendant only objected to statements 2, 3, 4, 6, 9, and 10, and ordered briefing on the admissibility of these statements under the Federal Rules of Evidence, excluding Federal Rule of Evidence 801(d)(2)(E). *Id.*

The United States responded to the Court's Order by moving to admit statements 1 through 11 into evidence. Doc. 308. In this motion, it withdrew "Statement #3 from those out-of-court statements for which it seeks the Court's ruling of admissibility." *Id.* at 3. The United States maintains that statements 2, 4, 6, 9, and 10 are admissible.

<u>Statements 2 and 4</u>. The United States alleges that Defendant enlisted the help of Jose Trujillo and Demetrio Trujillo (Jose's father) to conduct several shootings relevant to this case. Doc. 308 at 1–2. The United States first intends to elicit through Demetrio's testimony that Demetrio learned from Melanie Griego (Jose's mother) that Jose owed Pena a debt (statement 2).

*Id.* at 2.[1] Statement 2 involves two levels of hearsay: (a) Defendant Pena (declarant) stating to Griego that Jose owed him a debt and (b) Griego (declarant) telling Demetrio that Jose owed Pena a debt.

Second, Demetrio will testify that Griego told Demetrio that she was worried about Jose's safety (statement 4). Doc. 308 at 2. The United States will not elicit testimony that Pena himself told Griego that he would harm Jose. *Id.* at 4.[2]

The United States explains that Demetrio will testify that these statements caused him to meet with Pena where they agreed to conduct shootings charged in the indictment. Doc. 308 at 2. Defendant objects to the admissibility of these statements. Doc. 309 at 1–4.[3]

Statement 6. The United States intends to elicit from Demetrio that either Pena or Jose asked Demetrio for a car. Doc. 308 at 5. The United States previously indicated (but no longer intends to elicit) that Demetrio would testify that Pena or Jose needed Demetrio to *steal* a car for them. *Id.* This statement will only be used explain how Demetrio learned of the plot to commit the fourth and final shooting, not to prove any operative fact (for example, to identify the car that was used to facilitate the alleged crimes). *Id.* at 5–6.

Defendant does not object to the admissibility of this statement if it is used in the limited manner described above. Doc. 309 at 4–5.

---

[1] The United States does not intend to call Griego as a witness at trial. Doc. 308 at 4 n.4.
[2] Statement 4 is to be limited to its framing in the United States' present Motion, Doc. 308. The Court does not make a ruling on testimony including any reference to Griego's alleged belief that Jose would be harmed "if shootings and/or vandalism were not accomplished" on Pena's behalf. Doc. 309 at 4.
[3] Defendant does not dispute that the first level of hearsay in statement 2 (Pena stating to Griego that Jose owed him a debt) is admissible as a statement by a party-opponent. *See* Fed. R. Evid. 801(d)(2)(A).

Statement 9. The United States intends to introduce a text message into evidence by an FBI intelligence analyst who examined Pena's phone. Doc. 308 at 7. The message states: "Meeting at my place this is Chavarria asap gotmy guy here!!!!" *Id.*; United States' Notice, Ex. 2. The message was received from a number Pena had listed in his phone as belonging to "Mel Nov 28 Gracegriego." Doc. 308 at 8. The United States explains that the intelligence analyst will not testify about who sent the message or what it means. *Id.*

Defendant does not contest that admissibility of this statement, provided that the United States lays adequate foundation. Doc. 309 at 5.

Statement 10. The United States intends to elicit testimony from Demetrio that shortly after the first shooting was conducted, he and others (Rigo Vega and Reydesel Vega) returned to Griego's house where Demetrio was living, and that after returning, he asked Griego to notify Pena that they had conducted the shooting. Doc. 308 at 9. The United States seeks to admit Griego's subsequent text, stating "Root Beer!!!!!", to Pena (statement 10). *Id.* Demetrio will then testify that Pena came to meet them at Griego's house and was paid for the shooting. *Id.* The United States seeks to admit statement 10—a statement which includes a signal to rendezvous—as proof that a conspiracy existed and to explain why Pena met with Jose, Rigo Vega, and Reydesel Vega after the shooting. *Id.* at 9–10.

Defendant does not object to the admissibility of this statement so long as it used as a signal to rendezvous and not as an assertion that the first shooting had been committed. Doc. 309 at 6. Defendant also notes that the United States must provide adequate foundation for the statement, including first establishing the code word's meaning. *Id.*

**DISCUSSION**

The Court finds that the objected-to statements are admissible. As noted in the Court's Order vacating the *James* hearing, Doc. 307, Defendant does not object to statements 1, 5, 7, 8, and 11, and as a result, the Court concludes that these statements are admissible. As recounted above, Defendant raises no objections to statements 6, 9, and 10, and therefore, the Court concludes that these statements are also admissible. Because the United States withdrew statement 3, the Court need only determine the admissibility of statements 2 and 4. The Court finds that both statements are admissible because neither constitutes hearsay nor should be excluded under Federal Rule of Evidence 403.

Hearsay. Hearsay is an out-of-court statement "offer[ed] in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). It is well established "that a statement offered to establish its effect on the listener is not hearsay." *United States v. Murry*, 31 F.4th 1274, 1292 (10th Cir. 2022) (citing *United States v. Smalls*, 605 F.3d 765, 785 n.18 (10th Cir. 2010)).

The Court finds that statements 2 and 4 are not hearsay because neither statement is being offered to prove the truth of the matter asserted by the declarant (*i.e.*, that Jose in fact owed Pena a debt or that Griego was in fact worried for Jose's safety), but to establish their effect on Demetrio (*i.e.*, to contextualize his decision to meet and conspire with Pena). *See, e.g.*, *United States v. Faulkner*, 439 F.3d 1221, 1226 (10th Cir. 2006) ("Even statements about historical events—such as an assertion that the targeted victim had shot a member of the gang plotting revenge—typically are not offered for their truth; whether the target actually committed the alleged offense is irrelevant to the guilt of the plotters."); *Smalls*, 605 F.3d at 785 n.18. In other words, the significance of these statements resides solely in the fact that they were heard by and caused a reaction from Demetrio (by instilling a belief that Jose was indebted to Pena, and if he did not act,

Jose may be harmed), not that the content of either assertion is true. *See Faulkner*, 439 F.3d at 1226–27; *United States v. Little*, 119 F.4th 750, 780 n.15 (10th Cir. 2024) (citing *United States v. Graham*, 47 F.4th 561, 567 (7th Cir. 2022) ("A statement is offered to show an effect on the listener only if the listener heard and reacted to the statement . . . and if the 'actual use' of the statement at trial was to demonstrate the listener's response . . . ." (citations omitted))). Federal hearsay rules, therefore, do not justify exclusion.

Rule 403. Likewise, Federal Rule of Evidence 403 does not bar admission. After determining that there is a relevant non-hearsay purpose for the out-of-court statements, a court must ask whether the probative value of that evidence "is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury" or the like. *See* Fed. R. Evid. 403. "[E]xclusion of evidence under Rule 403 that is otherwise admissible under the other rules is an extraordinary remedy and should be used sparingly." *Smalls*, 605 F.3d at 787 (citing *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001)). "Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *United States v. Rodriguez*, 192 F.3d 946, 951 (10th Cir. 1999) (citation and internal quotations omitted); *see also Old Chief v. United States*, 519 U.S. 172, 180 (1997) ("Unfair prejudice within its context means an undue tendency to suggest decision on an improper basis, commonly, through not necessarily, an emotional one." (citing Advisory Committee's Notes on Fed. R. Evid. 403) (internal quotations omitted)).

The Court finds that any danger of unfair prejudice does not "substantially outweigh[]" the statements' probative value. *See* Fed. R. Evid. 403. The effect these statements had on Demetrio have probative value because it describes and provides context for the conditions that caused the

alleged conspiracy to form. *See* Doc. 308 at 3–4. And the Court does not find any substantial prejudice. While these statements may not place Defendant in the best light, nothing indicates that these limited statements carry with it a significant risk that the jury would make an emotionally charged or otherwise improper decision. *See Rodriguez*, 192 F.3d at 951. Furthermore, the risk that the jury will improperly use these statements to decide Defendant's guilt or innocence could be later remedied by instructing the jury to consider these statements only for their effect on the listener. *See United States v. Cass*, 127 F.3d 1218, 1225 (10th Cir. 1997) ("[C]autionary instructions are ordinarily sufficient to cure any alleged prejudice to the defendant.").

## CONCLUSION

Accordingly, the United States' Motion to Admit Out-of-Court Statements Listed in Its *James* Disclosures, Doc. 308, is **GRANTED**.

It is **SO ORDERED**.

                                              /S/
                                              KEA W. RIGGS
                                              UNITED STATES DISTRICT JUDGE