IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CR No. 23-00748-KWR |
| ) | |
| vs. ) | |
| ) | |
| **SOLOMON PEÑA**, ) | |
| ) | |
| Defendant. ) | |

## UNITED STATES' OBJECTIONS TO DEFENDANT'S EXHIBIT LIST

The United States respectfully objects to Exhibits A-D, F-H, and J-M of Defendant Solomon Peña's exhibit list filed on September 8, 2024, Doc. 258.[1]

**I.      The Photos of an Unknown Glock and Magazine (Exhibits J & K) Are Irrelevant**

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." F.R.E. 401.   Here, Defendant seeks the admission of two photos.   One is of a Glock pistol modified with a flashlight and a transparent extended magazine (Ex. J).   The other is a transparent, large capacity drum style magazine (Ex. K).[2]   Neither photo is relevant.   The Glock depicted in Exhibit J is not the Glock recovered from the trunk of Defendant's car.   The markings are different, the mounted flashlight is different, and the magazine is different.   The drum magazine depicted in Exhibit K is also not the drum magazine recovered from Defendant's

---

[1] On February 4, 2025, counsel for Defendant notified the Court that it was relying on previous counsel's exhibit list and witness list.

[2] The United States notes that Defendant's exhibit list states that exhibit K is photo of "stacks of money" (Doc. 258), however, the exhibit K provided to the United States is a photo of a drum style magazine.

car.   The drum magazine recovered from Defendant's car is opaque, while the one depicted in Exhibit K is transparent.   Thus, the photos are wholly unrelated to this case and their existence makes no fact of consequence more or less likely.   They should be excluded.

## II.     The Photo of Defendant's Campaign Materials (Ex. M) Are Irrelevant

The United States alleges Defendant interfered with federally protected activities by engaging in violence to alter the outcome of his electoral loss in the 2022 election.   The victims included county commissioners and two state legislators.   Exhibit M, however, references New Mexico's gubernatorial race and Defendant's concerns regarding the 2020 election.   Given that the thrust of Defendant's conduct largely focused on the 2022 election and select officials (not including the Governor), neither the gubernatorial race nor Defendant's concerns regarding the 2020 election make any fact of consequence more or less likely.   The campaign materials should therefore be excluded as irrelevant.

## III.    The Transcripts and Recordings of Witnesses (Exs. A-D, F-H, and L) Are Hearsay

Defendant has listed as exhibits transcripts of Demetrio Trujillo phone calls (Exs. A-D), transcripts and recordings of statements made by Demetrio and Jose Trujillo (Exs. F-H), and summarized statements made by Steven Michael Quezada (Ex. L).   The United States recognizes that Defendant may have listed these exhibits for impeachment purposes only. However, to the extent Defendant seeks to enter the entirety of these documents into evidence, the United Sates objects.

Defendant can only be seeking to admit these documents for one of two reasons.   First, he may seek introduction of these documents because they contain statements that he would like to rely on as true.   Under this theory, the documents are inadmissible hearsay.   Fed R. Evid. 801(c).   Second, Defendant may want to impeach witnesses with what he believes will be

statements that are inconsistent. Under this alternative theory, at best, only singular portions of the documents might be admissible. Federal Rule of Evidence 613(b) controls the use of a witness's prior inconsistent statement. It provides:

> Extrinsic evidence of a witness's prior inconsistent statement is admissible only if the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it, or if justice so requires.

Under this rule, three requirements must be met before an out-of-court statement becomes admissible. First, the statement must be inconsistent. *United States v. Hale*, 422 U.S. 171, 176 (1975) ("As a preliminary matter, however, the court must be persuaded that the statements are indeed inconsistent."). Second, "the witness must be confronted with the statement and afforded an opportunity to explain or deny it." *United States v. Woody*, 250 F. App'x 867, 881 (10th Cir. 2007). And third, the inconsistency must not relate to a collateral matter. "A matter is collateral if it could not have been introduced in evidence for any purpose other than for impeachment." *Orjias v. Stevenson*, 31 F.3d 995, 1008 (10th Cir. 1994); *See also Woody*, 250 F. App'x 867 (quoting *Fryar v. Curtis,* 485 F.3d 179, 184 (1st Cir.2007)) ("A matter is considered collateral if the matter itself is not relevant in the litigation to establish a fact of consequence, i.e., not relevant for a purpose other than mere contradiction of the in-court testimony of the witness."). Even if all these requirements are met, "[o]nly those portions of the prior statements which tend to contradict the testimony given at the trial are admissible." *United States v. McCowan*, 471 F.2d 361, 365 (10th Cir. 1972). Thus, this Court should exclude Exhibits of A-D, F-H, and L unless portions become admissible impeachment on a non-collateral matter.

Respectfully submitted,

| | |
|---|---|
| ALEXANDER M.M. UBALLEZ<br>UNITED STATES ATTORNEY | JOHN D. KELLER<br>ACTING CHIEF,<br>PUBLIC INTEGRITY SECTION |
| /s/ *Patrick E. Cordova*<br>PATRICK E. CORDOVA<br>JEREMY PENA<br>Assistant United States Attorneys<br>P.O. Box 607<br>Albuquerque, N.M. 87103<br>(505) 224-1413 | /s/ *Ryan Crosswell*<br>RYAN CROSSWELL<br>Trial Attorney<br>Public Integrity Section<br>1301 New York Ave NW<br>Washington, DC 20530<br>(202) 330-1295 |

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 10, 2025, I filed the foregoing document electronically through the CM/ECF system, which caused the forgoing to be served on all counsel of record.

/s/ *Patrick E. Cordova*
Patrick E. Cordova
Assistant United States Attorney