IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

   vs.                               1:23-cr-00748-KWR

SOLOMON PEÑA,

      Defendant.

**<u>ORDER STRIKING DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNTS 1 THROUGH 9 OF INDICTMENT AS UNTIMELY</u>**

THIS MATTER comes before the Court *sua sponte* on Defendant's Reply (**Doc. 331**) to the Government's Response (**Doc. 311**) to Defendant's Motion to Dismiss (**Doc. 297**).  For the following reasons, the Court **STRIKES** Defendant's pleading as untimely.

## BACKGROUND

Defendant has been indicted on numerous charges related to conspiracy, solicitation, election interference, aiding and abetting, and carrying and possessing a firearm in furtherance of crimes of violence and as a felon.  **Doc. 33**; **Doc. 147**.

On December 2, 2024, Defendant filed a Motion to Dismiss Counts 1 through 9 of the Superseding Indictment.  **Doc. 297**.  The Government filed a Response in Opposition to Defendant's Motion to Dismiss on January 13, 2025.  **Doc. 311**.  On January 23, 2025, the Government also filed a Second Superseding Indictment.  **Doc. 314.**  The indictment included no new charges and was substantially similar to the first superseding indictment.  *Id.*  The new indictment includes the allegations that the November 2020, 2022, and 2024 elections in Bernalillo

County were mixed elections for both state and federal candidates. **Doc. 314;** *see also* **Doc. 316-1** (redline version of second superseding indictment).

Before filing the Reply, Defendant filed two Unopposed Motion for Extension of Time to File Reply. **Doc. 318; Doc. 325.** Defendant first asked for an extension from January 27, 2025 until February 3, 2025, and then again from February 3, 2025 until February 7, 2025. **Doc. 318 at 1; Doc. 325 at 1.** Defendant's Motions were substantively identical. The Court granted both motions. **Doc. 319; Doc. 326**.

On February 4, 2025, the Court held a status conference. **Doc. 327.** At both the status conference and in the subsequently filed minutes, the Court made clear that the deadline for outstanding pleadings would be Friday, February 7, at 5:00 pm. ***Id.*** The Court also made clear that it would not accept outstanding pleadings beyond that. ***Id.*** ("Court will not accept any motions in limine past the deadlines without good cause."); ***see also id.*** ("Court imposes deadline of Friday, February 7th at 5pm *for all outstanding pleadings*.") (emphasis added)).

Despite these clear deadlines, and the fact that Defendant's counsel has already received two extensions of time, Defendant filed the Reply on February 7, 2025 at 6:57 pm, nearly two hours after the Court's *third* deadline had expired. **Doc. 331**. In the filing, Defendant offered no excuse for being late once more. ***Id.***

## LEGAL STANDARD

Federal Rule of Criminal Procedure 12 provides that the trial court "may, at the arraignment or as soon afterward as practicable, set a deadline for the parties to make pretrial motions. . . ." Fed. R. Crim. P. 12(c)(1). "If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely." *Id.* at (c)(3). The Tenth Circuit has held that a "Defendant is not entitled to relief on appeal absent a showing of good cause to excuse the untimeliness of [their]

motion." *United States v. Bowline*, 917 F.3d 1227, 1228 (10th Cir. 2019). A district court otherwise has no authority to consider untimely motions under Rule 12. *Id.* at 1230 ("Defendant acknowledges that a district court has no authority to consider an untimely motion absent good cause. . . ."). Motions under Rule 12 include motions involving "a defect in the indictment or information." Fed. R. Crim. P. 12 (b)(3)(B).

**ANALYSIS**

After considering both the plain text of Rule 12 and the Tenth Circuit's interpretation of the rule, the Court strikes Defendant's Reply as untimely. As Defendant's original motion was a motion alleging "a defect in the indictment," the Court proceeds under Rule 12. Fed. R. Crim. P. 12 (b)(3)(B); **Doc. 297**.

### I.    The Court Cannot Consider Defendant's Untimely Reply under Rule 12.

First and foremost, Defendant's filing was plainly late, despite several extensions and an in-person admonition from the Court that it would not accept untimely filings on outstanding motions. **Doc. 327** (minutes from the status conference in which the Court set February 7, 2025 at 5:00 pm as the deadline for all outstanding pleadings); **Doc. 331** (Defendant's Reply, filed at 6:57 pm on February 7, 2025). The district court *cannot* consider an untimely pleading under Rule 12 without a showing of good cause. *Bowline*, 917 F.3d at 1228 ("Defendant is not entitled to relief . . . absent a showing of good cause to excuse the untimeliness of his motion.").

Moreover, Defendant demonstrated *no* good cause to warrant another extension of time, particularly where Defendant sought none. *United States v. Gonzalez*, 81 F. Supp. 3d 1212, 1221 (D.N.M. 2015) ("A court may consider an untimely motion only if the moving party shows good cause."). Defendant's filing offered no good cause for his additional delay, and Defendant's previous motions were substantively identical. **Doc. 318; Doc. 325.** The Court made clear at the status conference that it would grant no more deadlines, nor did Defendant offer any new reason

or justification for his tardiness not already explained in Defendant's first to motions for extension of time. Nothing in the record satisfies the good cause requirement. *Bowline*, 917 F.3d at 1230 ("The Rule clearly *provides only one circumstance* in which an untimely motion can be considered—when the *movant shows good cause.*") (internal citations omitted, emphasis added)).

Moreover, the Court's discretion over deadlines is permissive. The Court *may*, but need not, continue to extend deadlines, particularly where it would be inconvenient for other parties or the Court. *See United States v. Moya*, 5 F.4th 1168, 1195 (10th Cir. 2021) ("The rules further state that "the court *may* extend or reset the deadline for pretrial motions" "[a]t any time before trial." (citing Fed. R. Crim. P. 12(c)(2), emphasis in original)). Defendant has not shown *any* good cause to warrant the Court retroactively granting *another* extension.

Finally, when considering "interests of fairness and justice," the Court finds no other reason to allow the untimely pleading. *United States v. Muse*, No. CR 17-2008 MV, 2019 WL 5310216, at *1 (D.N.M. Oct. 21, 2019). Defendant advances no argument so substantively different in the Reply as to fundamentally change the Court's consideration of the Motion to Dismiss. Nor would it be fair to the Government to allow Defendant to continue to disregard this Court's deadlines.

"In sum, [the Court] will not review an untimely Rule 12 argument absent good cause." *Bowline*, 917 F.3d at 1237. The Court will therefore strike Defendant's Reply as untimely.

II.    **Defendant has made no showing of excusable neglect.**

Defendant's only recourse for an untimely filing absent good cause would be Federal Rule of Criminal Procedure 45(b). However, Defendant makes no such showing.

Rule 45(b) provides that "[when an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do *so on a party's motion made*. . . after the time expires if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b)(1)(B). In examining excusable neglect, the court looks at the danger of unfair prejudice, the

length of delay and potential impact on judicial proceedings, the reasons for the delay, and whether the movant acted in good faith. *United States v. Batton*, 687 F. App'x 680, 681 (10th Cir. 2017); *United States v. Vogl*, 374 F.3d 976, 981 (10th Cir. 2004). Fault for the delay is "a very important factor—perhaps the most important single factor—in determining whether neglect is excusable." *Id.*; *see also United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004).

Defendant did not move for any further extension or argue that his delay should be excused under the excusable neglect standard. **Doc. 331**. Even assuming the Court should *sua sponte* analyze excusable neglect, there is nothing in the record supporting a finding of excusable neglect.

Most significantly, both the fault and reason for the final delay lie with the Defendant, who made no effort to excuse his lateness. *Batton*, 687 F. App'x at 681 (Fault is "perhaps the most important single factor" in an excusable neglect analysis). Defendant's reasons for being late the two previous times are minor updates to the indictment's jurisdictional language and several other active trial proceedings, at the state and federal trial and appellate levels. However, that is an issue of time management, not a demonstration of excusable neglect. *United States v. Johnson*, 821 F.3d 1194, 1199 (10th Cir. 2016) (upholding a district court's refusal to accept an untimely motion where counsel "did so in the face of the district court's *twice telling him that it would give no more extensions*." (emphasis added)).

Second, Defendant's cumulative delays have significantly impacted the underlying judicial proceedings. Defendant filed a Motion to Dismiss Counts 1 through 9 of the Indictment, **Doc. 297**, as was his right. However, the outcome of a dispositive motion fundamentally changes the structure of these proceedings. Defendant's continued lateness, culminating in this final delay, has prevented the Court from deciding this dispositive motion. This motion involves several complicated constitutional arguments, as well as contentious statutory interpretation questions.

**Doc. 297**.  The Court imposed the February 7, 2025 at 5:00 pm deadline with that consideration in mind.  Moreover, this case is barely a month from trial, a fact of which counsel for the Defendant has been aware since the entry of the scheduling order on October 24. 2024.  **Doc. 298** ("Jury Selection/Trial set for 3/10/2025 at 09:00 AM.").

Third, Defendant has not acted in good faith.  The Court made clear and counsel for the Defendant appeared to understand that the Court would grant no more extensions.  **Doc. 327** ("Court imposes deadline of Friday, February 7th at 5pm *for all outstanding pleadings*.") (emphasis added)).  The Court cannot and will not infer good faith, particularly where Defendant has routinely asked for and been granted extensions.

Finally, the Court again reminds Defendant that the Government has generally complied with the Court's recent deadlines regarding this outstanding motion.  *See e.g.*, **Doc. 311**; *Batton*, 687 F. App'x at 681 (The Court must consider "the length of the delay and its potential impact on the judicial proceedings. . . .").

Even assuming the Court should (and may) analyze excusable neglect *sua sponte*, the record does not support any such finding under Rule 45(b).

## CONCLUSION

Defendant's Reply to the Government's Response to Defendant's Motion to Dismiss (**Doc. 331**) is hereby **STRICKEN** as untimely.

**IT IS SO ORDERED.**

                                        ____/S/_____
                                        KEA W. RIGGS
                                        UNITED STATES DISTRICT JUDGE